## CALVIN ADAMS v. HENRY BURTON AND ANOTHER.

### *Trespass. Bees. Honey.*

The plaintiff informed B. that a swarm of bees was in a tree on B.'s land and that he intended to cut down the tree and get the honey. B. made no objection and asserted no claim to the bees or honey. *Held,* that this was a waiver of any right B. had in the matter as the owner of the tree and was sufficient to warrant the plaintiff in cutting the tree without making himself a trespasser thereby. And his possession while in the act of cutting the tree gave him superior right over a third party to whom B. subsequently gave consent to cut the tree and take the honey, but without revoking any authority he had given the plaintiff.

TRESPASS and case. Plea, not guilty and notice. Trial by the Court, December term, 1869, BARRETT, J., presiding.

It appeared that early in August, 1868, the plaintiff tracked and found a swarm of bees in a tree growing on the land of Ira Burton in Norwich ; and in a few days informed said Ira of the fact, and that he intended to cut down the tree and get the honey, —to which said Ira made no objection,—he supposing that the finder of a bee tree, on the land of another, had a right to take the bees and the honey ; and he so said to the plaintiff. It did not appear whether he would have made objection if he had not so supposed. He made no claim in respect to the bees or the honey that might be in the tree ; and though he was given by plaintiff to understand in what region on his land the supposed bee tree was, he did not know in what tree the plaintiff supposed the bees were.

A day or two after this, and early in the morning of the 3d of August, 1868, the plaintiff, with Pineo to help him, went to the tree, and they were in the process of chopping it down, for the purpose of getting the honey, claiming the right to do it, when the defendant, Henry Burton, with the defendant Thompson, acting for and under him, having heard that the plaintiff had found a bee tree in that vicinity, were out trying to find it, for the purpose of cutting it down and getting the honey. They saw the plaintiff and Pineo at work chopping the tree ; whereupon they went to the tree, knowing the claim of right, on the part of the plaintiff, and the defendant Burton interposed himself in such a

way as to prevent the plaintiff from chopping more upon the tree, and to cause him and Pineo to give up the attempt further to cut it down.   And said Burton proceeded at once—with Thompson helping him—to finish the work that the plaintiff and Pineo had begun, of chopping it down.   And they found the supposed swarm of bees in it, and 150 lbs. of honey ; which honey they took and carried away, and the said defendant Burton used it for his own purposes.

The defendant Burton, after hearing that the plaintiff had found a bee tree in that vicinity, and desiring and intending to cut it down and get the honey, if he could find it, told his brother, the said Ira, of his desire and intention, 'just before he went out as aforesaid to try to find the tree,—and said Ira expressed consent that he might do so, said Ira not interesting himself in any way in the matter, by claim or otherwise in his own behalf, or as between the plaintiff and the defendant Burton, and knowing that the plaintiff supposed that he, the plaintiff, had a right to get the honey, by reason of having tracked the bees and found the tree.

The court rendered judgment for the plaintiff for $32.40 and his costs.   To this the defendants excepted.

*S. E. & S. M. Pingree*, for the defendants.

*C. M. Lamb*, for the plaintiff.

The opinion of the court was delivered by

PIERPOINT, C. J.   It appears from the facts found by the county court, that in August, 1868, the plaintiff traced and found a swarm of bees in a tree standing upon the land of one Ira Burton ; that soon after he informed said Ira of the fact, and told him he intended to cut down the tree and get the honey ; the said Ira made no objection to his doing so ; set up no claim to the bees or the honey, but told the plaintiff he supposed he had the right to cut the tree and take the honey.   Whether this can be regarded strictly as a license or not, it was clearly a waiver of any right he had in the matter, as the owner of the tree, and was sufficient to warrant the plaintiff in going on and cutting the tree, without making himself

a trespasser thereby.  After this the defendant, learning that the plaintiff had found a " bee tree " on the said Ira's land, but not knowing the precise locality of it, went to the said Ira and told him he intended to find the said tree and cut it down and get the honey, and this the said Ira consented to.  This again was a waiver of the right of the said Ira·in favor of the defendant— thus virtually placing the plaintiff and the defendant upon the same footing so far as the rights of the said Ira, as the owner of the tree, were concerned.  In assenting to the proposition of the defendant, there was no attempt to revoke or interfere with any authority or right that the plaintiff had, either as the discoverer, or as derived from the said Ira, to cut the tree and take the honey, and we think there would be no such legal effect resulting therefrom. This being so, these parties stand, as between themselves, and as respects the legal principles applicable to the case, in precisely the same position, as though neither had any authority from the owner of the tree, and both were trespassers upon his rights, or as though there was no individual owner of the tree.  How then would the case stand.  No principle is better settled, than that a person, in possession of property, can maintain trespass against any one that interferes with such possession, who cannot show a better right, or title.

In this case, the plaintiff first found the bee tree ; he thus acquired all the rights that appertain to the person who first discovered the home of the bees, whatever those rights may be.  He proceeded to take possession of the tree, for the purpose of removing the honey, and when the defendants interfered with him, he was in the act of cutting the tree ; he literally had his hand upon the hive ; he was as much in possession as he would have been if he had cut the tree down, and had been ·in the act of removing the honey from its place of deposit, and the honey as certainly secured ; the honey is all that is sought in such cases, and all that is of value, as the bees cannot be secured ; the operator would much prefer to have them leave, as they always make a vigorous defense of the homestead, and those who thus rob the bees of their treasure generally have other stings to endure than those of conscience.  In this case the defendants not only robbed the bees, the penalty for which

they doubtless paid at the time, but they also robbed the plaintiff of his rights. They drove him from the actual possession of the property, and seized and appropriated it to their own use, they having no superior right to the plaintiff, thereby making themselves liable to him for the damage.

The county court having ascertained the damage and rendered a judgment therefor, that judgment must be affirmed.

Judgment affirmed.