## STATE OF IOWA V. VICTOR REPP, Appellant.

**Bees:** LARCENY. A trespasser, who finds bees on the land of another, and hives them, but is not the owner of the hive in which he puts them, has no interest in them which is the subject of larceny.

SAME. The mere finding of bees in a tree on the land of another person gives the finder no right to the bees or to the tree.

*Appeal from Monroe District Court.*—HON. FRANK W. EICHELBERGER, Judge.

### TUESDAY, JANUARY 18, 1898.

THE defendant was convicted of the larceny of a swarm of bees, and from the judgment, imposing a fine of five dollars, he appeals.—*Reversed.*

*T. B. Perry* for appellant.

*Milton Remley,* attorney general, and *Jesse A. Miller* for the state.

LADD, J.—In July, 1895, Stevens found a bee tree on the land of Cody, and, without the latter's permission, chopped it down, and put the bees in a gum obtained from Mosely. These were left near the fallen tree, on Cody's land. The gum was cut from a tree on defendant's land, without his knowledge or consent; and finding it, with the bees, where left by Stevens, he removed them, at dusk of day, to the orchard of his mother, and inclosed them in a telescope gum, about thirty-three inches square, nailed to that procured from Mosely. This was unknown to the mother, whose residence was about one mile from the bee tree, while that of the defendant was three miles further away. It does not appear that the defendant knew who hived the bees, or

that Stevens was aware that Mosely was not owner of the gum. When Stevens discovered the bees, after several days' search, the defendant refused to do more than return them, and after some parley this prosecution was begun.

Wild game is under the control of the state, and only becomes the subject of private ownership when reclaimed by the art and industry of man. A somewhat different rule applies to bees, though *ferae naturae*. These have a local habitation. Blackstone states: "It hath also been said that with us the only ownership in bees is *ratione soli;* and the charter of the forest, which allows every freeman to be entitled to the honey found within his own woods, affords great countenance to this doctrine that a qualified property may be had in bees, in consideration of the property of the soil whereon they are found." The same rule is laid down in Cooley on Torts, 435, where it is said that bees "have a local habitation, more often in a tree than elsewhere, and while there may be said to be within control, because the tree may at any time be felled. But the right to cut it is in the owner of the soil, and, therefore, such property as the wild bees are susceptible of is in him, also." And it has been so adjudged in *Ferguson v. Miller*, 13 Am. Dec. 519, and *Rexroth v. Coon*, 15 R. I. 35 (23 Atl. Rep. 37), (2 Am. State Rep. 863). By the law of nature, the person who hived the swarm would be entitled to it; but, under the regulation of property rights, since the institution of civil society, the forest, as well as the cultivated field, belongs to the owner thereof, and he who invades it is a trespasser. *Goff v. Kilts*, 15 Wend. 550. See *Adams v. Burton*, 43 Vt. 36. The mere finding of bees on the land of Cody gave Stevens no right to them, or to the tree. *Merrils v. Goodwin*, 1 Root, 209; *Gillet v. Mason*, 7 Johns. 16. In cutting down the tree and taking the bees, he was a wrongdoer. Had he acted with the license of Cody, he might have acquired ownership, but

he could obtain no title by his wrongful acts as a mere trespasser. *Rexroth v. Coon, supra.* In that case the plaintiff had placed a box in the crotch of the tree belonging to Green, without permission, and later the defendant, without the consent of either, took the box from the tree, emptied it of bees and honey, and then replaced it. In holding that the plaintiff was not entitled to recover, the court said: "The plaintiff was a trespasser upon the land of Green. He had no right to place the box or hive in the tree, and by placing it there he acquired no title to the bees which subsequently occupied it, or to the honey which they produced." No better title would be acquired by removing the bees from the tree top to a box on the land, than by luring them to a box placed in a tree top. Title to a thing *ferae naturae* cannot be created by the act of one who at the moment is a trespasser, and Stevens obtained no interest in the bees by the mere wrongful transfer from the tree to the gum. He neither owned the land on which he left them, nor the gum in which they were hived. Having neither title nor possession, he had no interest therein, the subject of larceny. As the information alleged ownership in Stevens, and the case was tried on that theory, we need make no inquiry as to any taking from Cody. But see *Wallis v. Mease,* 3 Bin. 546.— REVERSED.