### PATRICK DEVINE
### *v.*
### ELIZABETH DEVINE.

·*Opinion filed June 21, 1899.*

TRUSTS—*what facts do not show resulting trust.* A resulting trust in favor of the husband is not established by evidence that property was purchased with the earnings of both husband and wife without showing what portion was furnished by either, and that title was taken in the wife's name with the husband's knowledge and consent, and not through fraud, accident or mistake.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

DOUTHART & BRENDECKE, for plaintiff in error.

MOSES, ROSENTHAL & KENNEDY, for defendant in error.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

On September 23, 1890, Elizabeth Devine exhibited her bill in the circuit court of Cook county against Patrick Devine, her husband, praying a divorce from him on the ground of adultery. Patrick Devine answered and filed his cross-bill, which, as afterwards amended, sets out the marriage between the parties on the 10th of December, 1880; that between that time and 1888 numerous pieces of real estate were bought by them jointly, which real estate was paid for out of their joint earnings and savings; that the present value of said real estate is about $12,900, including also two mortgages, one for $2000 and one for $1500; that the title to all said real estate was taken in the name of Elizabeth Devine, the defendant in the cross-bill, at her request and persistent persuasions. The prayer was that an accounting be taken, under the direction of the court, of the true and actual conditions touching the equities of the parties of this suit in the property heretofore referred to, and that the defendant, Elizabeth Devine, be decreed to convey whatever amount of said property should be found justly due the complainant; that in default thereof the master make such conveyances; that if it be found inexpedient to execute the conveyances, the same be ordered sold and the proportionate amount equitably belonging to the complainant be decreed him and the balance to the defendant. Other general relief was also prayed.

The decree of divorce was entered on the original bill January 30, 1893, without alimony, and the matters alleged in the cross-bill were reserved for further hearing. The case was referred to the master, upon whose report the court, after overruling exceptions thereto, found that the real estate was purchased by the sole earnings of the cross-defendant, Elizabeth Devine, and that the allegation in the cross-bill that the loans were investments of the joint earnings of both parties was not sustained by

the proofs. The cross-bill was dismissed at the costs of the cross-complainant, who sues out of this court a writ of error and seeks a review of that decree.

We have carefully examined the abstract furnished by plaintiff in error, the additional abstract tendered by defendant in error, and the record itself. The plaintiff in error contends that he paid over to his wife nearly all of the wages and salary which he received from 1880 to 1888; that he had lived with her for a number of years prior to 1880, when they were married, up to which time he had turned over to her as much as $400 for safe keeping; that they then bought a tract of ground in Kensington, being lot 3 in block 5, taking a contract of purchase and paying $400 down, the remaining $900 to be paid in monthly installments of $50 each; that he desired the title to this place to be taken in his wife's name, as it was to be their homestead, and he had it done for her protection; that he immediately commenced working at Pullman, receiving $1.75 to $2.40 a day; that they kept boarders; that all his wages were turned over to his wife, who was the custodian of all the family funds, and when the installments would come due he would get the money from her and pay them; that he afterwards worked on the Hyde Park police force, receiving $70 a month, the total receipts from that position being $680; that he afterwards drove a milk wagon for two years, at ten dollars a week; that he then worked for the forge company in Kensington for ten months at $50 a month; that the total of his wages during the entire period amounted to over $5000; that he did other odd jobs and turned over to his wife nearly all his earnings, as he kept no money with him lest it be stolen; that in 1883 they bought two lots in Pullman, agreeing to pay therefor $700; that in 1885 they bought lots Nos. 80 and 81 in Gano, paying $400 for them; that in 1886 they bought five lots at the corner of Seventy-fifth street and Woodlawn avenue, paying $1000 for them; that at that time he was on the police force, and was paid in wage

checks and partly in cash; that the total of these purchases amounted to $3400, and that in addition they spent as much as $1000 in improving their homestead. Mrs. Devine, on the contrary, testifies that her husband had not furnished any money for this property; that she was worth $4000 or $5000 when she married him, being money obtained from her first husband· and by her own savings in the saloon business and by keeping a boarding house; that he never paid her over $200 of his earnings, all told; that he was idle a large part of the time; that he had nothing when they were married; that she never demanded anything from him; that she bought his clothes, and finally, because he would not pay her anything, she demanded, and he paid her, board like any of the other boarders; that he did nothing about the house; that he demanded pay for any assistance rendered her in her real estate transactions, claiming that as she had to pay commissions to others she might as well pay them to him; that all the property was bought exclusively with her money.

From the testimony and the seeming scope of the bill it seems to us that the remedy of plaintiff in error, if any he has, should be an accounting, in which case this bill should have been prosecuted to the Appellate Court; but as he has so regarded it we will also treat it as a bill to declare a resulting trust in his favor in and to the properties described, against defendant in error.

Were this a bill for an accounting, it would be a difficult matter, viewing the testimony in any light, to say what the financial portions of the earnings or savings of the parties to the suit were. No books of account were kept between them or by either of them except during the first two years, when it seems Mr. and Mrs. Devine did keep books for the boarding house, the books being kept by Devine, as his wife could neither read nor write. These books are not, however, in evidence. What part of the joint or several earnings went for clothing, interest or living expenses is not shown. The parties quar-

reled about money matters, and the plaintiff in error states that he could not get any satisfaction about the money he had been paying in; that he left the house and was gone three weeks; that he then came back, and it was agreed he should pay board. While it might be conceded that the plaintiff in error did pay to the defendant in error a large portion of his earnings, yet the testimony fails to trace any particular sum or sums paid into any particular lot or lots. The most that can be said of it is,—and, indeed, hardly more than that is claimed in the cross-bill,—the money used in the purchase of the property was derived from the earnings of both of them, but what portion was furnished by the plaintiff in error the record does not show. When the property was bought, the plaintiff in error had full knowledge of the transaction, and the title was taken in his wife's name, not through fraud, accident or mistake, but with the tacit or reluctant consent of the plaintiff in error, and in two instances upon his suggestion or request.

To establish a resulting trust it is necessary that some definite portion of the entire consideration be paid by the person in whose favor it is sought to°be established, and the trust must arise, if at all, at the time of the execution of the conveyance. Nor is it possible to raise such trust by the subsequent application of the money of such person in satisfaction of the unpaid purchase money. (*Reed* v. *Reed*, 135 Ill. 482; *Keith* v. *Miller*, 174 id. 64; *Perry* v. *McHenry*, 13 id. 227; *Sayre* v. *Townsend*, 15 Wend. 550.) The evidence to sustain a resulting trust must be certain, clear and cogent, and is always received with caution. (*Reed* v. *Reed*, 135 Ill. 482; *Mahoney* v. *Mahoney*, 65 id. 406; *Corder* v. *Corder*, 124 id. 229.) Neither will a trust result by reason of the mere fact, alone, that another's money was used in the purchase of the property. The person in whose favor the trust is claimed to·result must pay the purchase money as his own. If he merely advances it as a loan no trust will result. (*Aveling* v. *Knife*, 19 Ves.

445; *Wheeler* v. *Kirtland,* 8 C. E. Green, 22; *Millikin* v. *Ham,* 36 Ind. 166.) The reason or foundation for declaring the trust is, that the man who pays the purchase money is supposed to become, or intends to become, the owner of the property, and the beneficial title follows that supposed intention.

As before stated, the plaintiff in error knew that the title was taken in his wife, and when that part of the property so purchased was again sold, the proceeds of that sale were paid to her. Subsequently he tried to obtain an accounting from her as to the money matters between them, and he swears, "I could not get any satisfaction about the money I had been paying in, and I thought it was about time to stop." From that time on he testifies he looked after his money matters himself and kept his own bank account.

Counsel for plaintiff in error tries to bring the facts of this case within the rule laid down in *Adlard* v. *Adlard,* 65 Ill. 212, but an examination of the record shows that case to have been wholly different from the facts in the case at bar. There it was conceded the earnings of the husband bought the property, and he intended and thought that the title to the property purchased by his wife was taken in his name except as to two tracts, and as to them the court holds he must have intended the property as a marital gift to her, and decrees that she might retain the same.

It will be presumed that where husband and wife live together he bears the expenses. (*Clinton* v. *Kidwell,* 82 Ill. 427; *Robinson* v. *Brems,* 90 id. 351; *Reeves* v. *Webster,* 71 id. 307.) And the payments to his wife by the plaintiff in error, as claimed by him, are not inconsistent with his marital duties, in the absence of other circumstances. If, by reason of this presumption, it could be contended that he was likewise entitled to his proportion of the earnings of the household from the boarders, under the facts of this case it could not affect the title to the prop-

erty so as to authorize this court in holding a trust to result, but would only entitle him to an accounting of these proceeds.

We are of opinion, therefore, that the allegations of the bill are not sustained by the testimony, and the decree of the circuit court of Cook county will be affirmed.

*Decree affirmed.*