STATE OF IOWA, Appellant, v. GEORGE LOOMIS.

**Larceny of logs:** POSSESSION: PRESUMPTION OF GUILT. On a prosecution for the larceny of logs, their ownership and the wrongful taking must be alleged and proven as in other cases of larceny, before a presumption of guilt will arise from the mere fact of possession.

*Appeal from Clayton District Court.*— HON. L. E. FELLOWS, Judge.

WEDNESDAY, DECEMBER 13, 1905.

DEFENDANT was indicted for the larceny of logs in the Mississippi river. At the close of the evidence for the prosecution a motion to direct a verdict for defendant was sustained, and the state appeals.— *Affirmed.*

*Chas. W. Mullan,* Attorney General, *Kenline & Roedell,* and *Lane & Waterman,* for the State.

*D. D. Murphy* and *J. D. Corlett,* for appellee.

McCLAIN, J.— The offense charged was the larceny of logs as defined in Code, sec. 4834, and the logs were described as the property of one Chute. It is fundamental that in a prosecution for larceny the ownership of the stolen goods must be alleged, and proven as alleged. *State v. Repp,* 104 Iowa, 305; *State v. Wasson,* 126 Iowa, 320, and authorities cited. The evidence as to the ownership of Chute was that the logs found in defendant's possession bore certain marks, indicating that they had at one time belonged to certain lumber companies, and that these lumber companies had, by a joint instrument signed by them, assigned to Chute " all of the right, title, and interest of each and all of the subscribers hereto in and to any and all logs which have heretofore been picked up or found, or which may be hereafter picked up or found in the Mississippi river below the gap of the assorting booms of the St. Paul Boom Company [or certain other described rivers], outside of rafts or brails made up in booms of the St. Paul Boom Company," etc.; " also any and all logs which have heretofore been, or may hereafter be, taken from any raft, brail, boom, or other body of logs on the Mississippi river . . . by any person or persons, firm or corporation without the consent and authority of the lawful owner of any of such as are lost hereinbefore mentioned, together with any and all right and rights of action against any person or persons, firm or corporation who have hereto-

fore, or may hereafter, pick up, or in any manner take or convert, any such logs as are hereinbefore mentioned and conveyed or intended so to be conveyed," etc.

Without further setting out the instrument it is sufficient to say that the evident purpose was to convey to Chute the title to all stray logs belonging to the signers of the instrument, which should be found within the described waters. It is evident therefore that to establish the ownership in Chute, as laid in the indictment, it was necessary for the state to prove that the logs found in defendant's possession belonged to some of the subscribers to the document at the time that they became separated from the rafts or brails of logs belonging to such owners, or at the time that they became lost or strayed. There is no evidence in the record of such ownership, unless such evidence is furnished by the fact that the logs found in the possession of the defendant bore the marks of such owners; and the question presented by counsel for the state in this appeal is whether these marks furnished the necessary evidence. In Code, sec. 4836, it is provided that in a prosecution for the larceny of logs the finding of the logs " in the possession of the defendant whether with or without the marks cut out or destroyed or partly sawed or manufactured into lumber of any kind, fence posts, fence rails, or stove wood," shall be presumptive evidence of his guilt. The contention for the state is that the finding of logs in the possession of defendant, bearing the marks of the signers of the instrument of assignment to Chute, was presumptive evidence that such logs belonged to Chute and had been stolen from him, and that the burden was on the defendant to show that they had not been thus stolen, or, if stolen at all, that they had been stolen from some other owner. We think the language of the statute is not to be given this construction. As we read the language of the statute, the state is to prove, as in any other prosecution for larceny, the fact of wrongful taking and the ownership as alleged in the indictment, and

that then the presumption will arise that the defendant, in whose possession the stolen logs are found, is the person who is guilty of the crime.   We cannot presume that the Legislature intended to enact a provision so contrary to the whole theory of the criminal law as that involved in saying that whenever a person is found in the possession of a log bearing the mark of some one who may previously have owned it the presumption arises that the person in possession is guilty of larceny.

It is a matter of general knowledge, and it is shown in this record, that logs are marked by their owners while they are in the driveway in the timber where they are cut; that they are subsequently collected in booms, into which the logs of different owners are run from these driveways; that in these booms they are separated and identified by means of these marks, and then become subjects of commerce, and are sold in the booms, or afterward in rafts, to purchasers who buy them while they are still in the boom, or after they have been carried in rafts to points further down the river; and that the marks on the logs are not changed at the time of sale, but in the ordinary course of business remain on the logs until they have been sawed up into lumber by the various purchasers.   The marks on these logs, therefore, indicated the original ownership of them, but did not indicate that at the time they escaped from the booms, or from rafts into which they had been collected, or from persons who had possession of them at points lower down the river, they still belonged to the owners whose marks they bore, and who were the subscribers of the assignment to Chute.

There is no evidence whatever that these logs were stolen from anybody, unless, indeed, such an inference is to be drawn from the fact that defendant, when threatened with arrest while on a raft made up of these logs, some forty in number, attempted to abandon his raft and escape.   But, even if there was enough evidence to go to the jury on the

question whether the logs were stolen, there was, as has been pointed out, no sufficient evidence of the ownership in Chute, as alleged in the indictment.   There is no provision in the statute that a log bearing the mark of a previous owner is presumed to remain the property of such owner so long as the mark remains.   We think the meaning of the statute is that, when the larceny of logs bearing a certain mark is established, such possession is *prima facie* evidence that defendant is the one who committed such larceny.   In other words, the statute simply applies to the possession of stolen logs, in a somewhat extended form, the usual rule as to the presumption of guilt resulting from the recent possession of stolen goods; that is, the rule that such possession points out the defendant as the one guilty of the crime.

As there is no sufficient evidence of the commission of the crime charged, or of the ownership of the logs, we think that the ruling of the trial court was correct, and it is *affirmed*.