ALBANY,
Feb. 1829.

Mooers
v.
Allen.

THE PEOPLE, on the relation of D. M'INTYRE, *vs.* STEU-
BEN COMMON PLEAS.

MOTION for a mandamus. Peter Probasco sued the relator and I. Baker and H. Fletcher in an action of assault and battery in the Steuben common pleas. The cause was put at issue and tried, and the jury found Baker and Fletcher *guilty*, and the relator *not guilty*. The relator applied to the common pleas to off-set his costs against the damages and costs of the plaintiff recovered against the other defendants, which was denied. He now applies for a mandamus.

*In an action of assault and battery where one of several defendants has a verdict, he is not entitled to have his costs set off against the recovery against the other defendants.*

*By the Court,* MARCY, J. The relator is not entitled to a mandamus. This very question is decided in *Mordica* v. *Nutting and others,* (*Bull. N. P.* 336.)

Motion denied.

---

## MOOERS *vs.* ALLEN.

MOTION for treble damages and treble costs. The declaration was in trespass for cutting and carrying away timber, and contained four counts, one of which was under the statute. The jury gave a *general* verdict, and assessed the damages at $2 $\frac{25}{100}$. The judge gave a certificate that the title came in question.

*A plaintiff is not entitled to treble damages and costs in an action of trespass for cutting timber where the narr. contains several counts besides the count under the statute, and the verdict is general.*

*By the Court,* MARCY J. The verdict being general, the court cannot say that the jury found the defendant guilty on the count under the statute. The plaintiff does not therefore shew that he is entitled to treble costs. The motion must be denied with costs.