BERNARD SVENSON, Respondent, v. THE ATLANTIC MAIL STEAMSHIP COMPANY, Appellant.

Plaintiff while employed upon a barge which was engaged in lightering a steamship, was injured through the negligence of one engaged upon the steamship in discharging her cargo. In an action to recover for the injury, defendant's answer admitted that at the time of the accident, defendant owned and had the control and management of the steamer; the barge was not owned by defendant, and plaintiff was employed and paid by its master. *Held*, that the proof, together with the admission in the answer, was sufficient to authorize the jury to find that the man who caused the injury, was a servant of defendant and working for it at the time; that he and plaintiff were not fellow servants within the meaning of the rule exempting an employer from liability for an injury to one employe, by the act of another; and that said rule, therefore, furnished no objection to the maintenance of the action.

(Submitted September 30, 1873; decided January term, 1874.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for an injury alleged to have been sustained by the plaintiff through the negligence of one of the defendant's servants.

The steamship Columbia, belonging to the defendant, in September, 1869, arrived at quarantine in the harbor of New

York, with a cargo of tobacco in bales, and the barge Florence was engaged in lightering the steamship. This barge was not owned by the defendant, but was employed to take the cargo to the city of New York. The plaintiff was employed upon the barge, hired and paid by the master thereof. The custom of unloading tobacco, as proved upon the trial, is that four bales are hauled up from the hold of the steamer by her hands and thrown down one at a time to the deck of the lighter, where they are stored away by the hands upon the lighter; and it is the duty of the men throwing down the bales, to give some warning before letting them go; and this custom was observed in unloading this vessel in every instance but one, when the accident occurred. The deck of the lighter being almost full, the plaintiff was engaged in trying to save a bale from falling overboard, when another bale of a new set of four was thrown down without any warning, hitting the plaintiff and breaking his leg. The man who threw it down, was standing on the steamship and could have seen the plaintiff if he had looked, but he was engaged in conversation with some one behind him.

Upon the trial the defendant asked to have the complaint dismissed and the plaintiff nonsuited, upon the ground that there was no proof that the man who threw the bale was a servant of the defendant; that the negligence of the plaintiff contributed to the accident; and also that the plaintiff and the man who caused the injury were fellow servants engaged in a common employment. The motion was denied and defendant excepted. The jury rendered a verdict for plaintiff.

*Thomas M. Wheeler* for the appellant. Plaintiff and the person who caused the injury were fellow servants, engaged in a common employment, and, therefore, plaintiff cannot recover. (*Boldt* v. *N. Y. C. R. R. Co.*, 18 N. Y., 433; *Russell* v. *H. R. R. R. Co.*, 17 id., 136; S. & R. on Neg., 89; *Linton* v. *Smith*, 8 Gray [Mass.], 148; *Elder* v. *Bemis*, 2 Met. [Mass.], 604; *Blake* v. *Ferris*, 5 N. Y., 58; *Murphy* v. *Caralli*, 3 H. & C., 462.) Defendant was not liable, because the evidence does not show that the person doing the

injury was in defendant's employ. (*Blackwell* v. *Wiswall*, 24 Barb., 356; *Norris* v. *Kohler*, 41 N. Y., 42; *Blake* v. *Ferris*, 5 id., 58; S. & R. on Neg., 89; *Linton* v. *Smith*, 8 Gray [Mass.], 148; *Elder* v. *Bemis*, 2 Met. [Mass.], 604.) Plaintiff having been guilty of contributory negligence, cannot recover. (*Ernst* v. *H. R. R. R. Co.*, 35 N. Y., 27; *Wilds* v. *H. R. R. R. Co.*, 24 id., 434; *Beiseigel* v. *N. Y. C. R. R. Co.*, 33 Barb., 429; 40 N. Y., 9; *Wilcox* v. *R., W. & O. R. R. Co.*, 39 id., 361, 365; approved in *Havens* v. *Erie R. Co.*, 41 id., 299; *Nicholson* v. *Erie R. Co.*, id., 525; *Baxter* v. *T. & B. R. R. Co.*, id., 503, 505; Shear. on Neg., 39; *Griffen* v. *N. Y. C. R. R. Co.*, 40 N. Y., 34; *Delafield* v. *Union F. Co.*, 10 Bosw., 218.) The case should have been decided by the court. (Shear. on Neg., 11, note 3; *Dascont* v. *B. & S. L. R. R. Co.*, 27 Barb., 228; *Beiseigel* v. *N. Y. C. R. R. Co.*, 33 id., 432; *Wilds* v. *H. R. R. R. R. Co.*, 24 N. Y., 433.)

*Douglas Campbell* for the respondent. The principle that a master is not liable to one servant for the torts of another, in the same employment, does not apply to this case. (*Young* v. *N. Y. C. R. R. Co.*, 30 Barb., 229; *Smith* v. *N. Y. & H. R. R. Co.*, 19 N. Y., 132; Story on Agency [ed. 1863, 6th ed.], §§ 453–459; *Abrahams* v. *Reynolds*, 5 H. & N., 143.) The question of plaintiff's contributory negligence was properly left to the jury, and their decision is conclusive. (*Ernst* v. *H. R. R. R. Co.*, 35 N. Y., 9; *Beiseigel* v. *N. Y. C. R. R. Co.*, 34 N. Y., 622.) The presumption is that the person who caused the injury was in the defendant's employ. (*Norris* v. *Kohler*, 41 N. Y., 42; *Holbrook* v. *U. & S. R. R. Co.*, 12 id., 242; *Johnson* v. *H. R. R. R. Co.*, 20 id., 65; *Althorf* v. *Wolf*, 22 id., 355.)

EARL, C. The complaint alleges, and the answer admits, that at the time of the accident, the defendant owned and had the charge, control and management of the steamship. The answer does not expressly aver that the man who threw the bale upon

the plaintiff was not its servant. It simply denies that it was done through the negligence of defendant's servant. It is clearly inferable, from the evidence, that the man who threw the bale was not employed by the owners of the lighter. He was employed by some one upon the steamship. All the proof we have is, that he was engaged upon the steamship in discharging her cargo upon the lighter, and this proof, taken in connection with the admission in the answer referred to, was sufficient to authorize the jury to infer that the man was a servant of the defendant at the time, and working for it. A mere admission of ownership would not have been significant, but the admission, that at the time the defendant controlled and managed the vessel, unexplained, leads inevitably to the conclusion, that those who were then employed upon her were the servants of the defendant. It will not do to presume that they were trespassers or mere volunteers, or that they were employed by persons having no connection with the vessel. In *Norris* v. *Kohler* (41 N. Y., 42), it was held that it was proper to infer that the driver of a wagon, who caused an injury to the plaintiff's intestate, was a servant of the owner, from facts less significant than those which exist in this case.

The proof showed precisely how the plaintiff was situated at the time of the accident and his conduct, and it was properly submitted to the jury to determine whether there was any negligence on his part contributing to the accident, and their determination is conclusive upon us.

There was no proof that the plaintiff and the man who caused the injury to him were fellow servants. The latter was in the employment of the defendant, engaged in unloading the cargo from the steamship upon the lighter. The former was in the service of the owners of the lighter, in receiving the cargo and transporting the same to the city of New York. They were not the servants of a common principal in any sense, and they were not strictly engaged in the same employment. The duties of the one were confined to the steamship, and of the other to the lighter. Hence, this case does not fall within the rule that an employer is not

responsible for an injury occasioned to one employe by another engaged in the same general services 'or undertaking. In *Smith* v. *New York and Harlem Railroad Company* (19 N. Y., 132), Judge Selden says, "the rule applies only where the action is brought for an injury to a servant or agent against the principal, by whom such servant was himself employed." In Sherman and Redfield on Negligence, 116, it is said, "they are not fellow servants unless they are all under the control and direction of a common master." Hence, this rule furnishes no objection to the maintenance of this action.

The judgment must therefore be affirmed, with costs.

All concur.

Judgment affirmed.