## Case No. 10,085.

### NEFF v. PENNOYER.

#### [3 Sawy. 495.] [1]

#### Circuit Court, D. Oregon. Oct. 11, 1875.

CUTTING TIMBER—TREBLE DAMAGES—DEFENSE TO CLAIM FOR TREBLE DAMAGES—IRRELEVANT ALLEGATION — COUNTER-CLAIM — TAXES PAID BY PARTY IN POSSESSION — DAMAGES FOR WITHHOLDING POSSESSION AND DEFENSE THERETO—IMPROVEMENTS.

1. In an action for cutting or carrying away timber from the land of another to entitle the plaintiff to recover treble damages, judgment therefor must be demanded in the complaint, so that the defendant may be apprised of the claim, and the facts stated in the complaint must bring the case within the statute. Civ. Code Or. § 385.

2. The defense to a claim for treble damages in such an action must be pleaded, and it may be either: (1) That the trespass was casual or involuntary; (2) or that, at the time of the commission thereof, the defendant had probable cause to believe that the premises were his own, or those of the person under whom he acted; (3) or that the timber was taken from uninclosed woodland for the purpose of repairing a highway or bridge. Civ. Code Or. § 336.

3. An allegation which merely contains facts tending to prove either of said defenses is irrelevant and will be stricken out on motion.

4. A counter-claim is substantially a cross-action and should contain nothing but the facts necessary to constitute it; and if any other defense is inserted therein it may be stricken out.

5. In an action for damages for withholding the possession of real property, if the defendant held under color of title in good faith adversely to the claim of the plaintiff, taxes paid by him upon the property during such withholding are a proper subject of counter-claim.

6. In action to recover damages for wrongfully withholding the possession of real property, the plaintiff may allege and recover for any partic-

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

ular waste or injury committed by the defendant thereon during his possession, or he may omit all claim other than that arising from such waste or injury, but he cannot by so doing preclude the defendant from showing that the alleged waste or injury was committed while he was in the possession of the premises, claiming title thereto, in good faith, adversely to the plaintiff, and thereby prevent him from making any defense to which he may be entitled under these facts.

7. To enable a defendant to maintain a counter-claim for the value of improvements made upon the premises of another, it must appear therefrom that the improvements are affixed to the freehold and still existing, and that they better the condition of the property for the ordinary purposes for which it is used; and that they were made while the defendant, or those under whom he claims, were in possession under color of title, in good faith, adversely to the claim of the plaintiff. Civ. Code Or. § 318.

[Cited in Wythe v. Myers, Case No. 18,119.]

8. A counter-claim not containing these allegations, but only a statement of facts tending to prove them, will be stricken out as irrelevant.

[Cited in Wythe v. Myers, Case No. 18,119.]

[This was an action of Marcus Neff against Sylvester Pennoyer.] Motion to strike out counter-claim.

M. W. Fechheimer, for the motion.
H. Y. Thompson, contra.

DEADY, District Judge. This action is brought by the plaintiff as a citizen of California, against the defendant, a citizen of the state of Oregon, for wrongfully entering the plaintiff's close—a tract of land situated in Multnomah county, Oregon—on May 10, 1869, and on divers other days and times between that day and March 9, 1875, and then and there cutting and carrying away the trees and timber therefrom, and converting the same to his own use, and for then and there pulling down and destroying a certain log dwelling-house thereon; and also for removing and destroying a certain fence inclosing an orchard growing thereon, whereby stock and cattle entered upon said orchard and destroyed the same, to the damage of the plaintiff $4,600.

The answer of the defendant consists of a denial of the material allegations of the complaint, except the one concerning his own citizenship, and a counter-claim styled "a further and separate answer," in which it is alleged that the defendant entered into the peaceable possession of the premises on January 14, 1867, as a purchaser at a sale made upon an execution, issued out of the circuit court for the county and state aforesaid, upon a judgment wherein J. H. Mitchell was plaintiff and the plaintiff herein defendant, and that he occupied them in good faith as such purchaser until 1875, when he was evicted therefrom upon a judgment of this court [Case No. 10,083]; that during such occupation he paid $121.55 of taxes duly levied upon said premises and erected thereon a board cabin which still remains, at a cost of $35; that he removed certain fallen and standing timber from said premises for the pur-

pose of clearing a portion of them for pasture, and that said clearing was a benefit to the premises, and worth the sum of $600.

The plaintiff moves to strike out four separate parts of the counter-claim, which taken together constitute the whole of it, as being irrelevant and redundant. The first allegation asked to be stricken out is the one concerning the circumstances under which the defendant entered and occupied the premises. On the argument it was assumed that this allegation was inserted in the counter-claim to show that the trespass complained of is not within section 385 of the Oregon Civil Code, which provides, that in case of trespass by cutting or carrying away "any tree, timber or shrub on the land of another * * * without lawful authority, * * * if the judgment be given for the plaintiff, it shall be given for treble the amount of damages claimed or assessed therefor as the case may be." Counsel for the plaintiff disclaims the right to recover treble damages in this action, the demand in the complaint being for single damages only.

To entitle the plaintiff to recover treble damages, judgment therefor must be demanded in the complaint, so that the defendant may be apprised of the claim, and the facts stated must bring the case within the statute. Newcomb v. Butterfield, 8 Johns. 345; Chipman v. Emeric, 5 Cal. 239; Mooers v. Allen, 2 Wend. 247.

The case made by the complaint being for single damages the allegation in question is so far irrelevant and ought to go out. But if it had been otherwise the allegation would be irrelevant. Where an action is brought for cutting timber, on the land of another, without authority, the defense against a claim for treble damages must be pleaded, and it may be either: (1) That the trespass was casual or involuntary; (2) or that, at the time of the commission thereof, the defendant had probable cause to believe the premises were his own or those of the person under whom he acted; (3) or that the timber was taken from uninclosed woodland for the purpose of repairing a highway or bridge. Civ. Code Or. § 336.

The second one of the defenses appears to have been in the mind of the pleader when this allegation was drawn, but instead of alleging directly that at the time of cutting the timber the defendant had probable cause to believe the premises were his own, the circumstances of the purchase and entry are detailed, from which it may be inferred that he had such cause so to believe. This is pleading the evidence—the probative facts instead of the ultimate ones. Therefore, as a pleading it is irrelevant. Besides, this allegation considered as a defense to a claim for treble damages, is improperly inserted in a counter-claim. It should have been pleaded separately. This counter-claim for taxes paid and improvements made upon the premises is in no way dependent upon the plaintiff's claim for treble damages or the defendant's defense to it. A counter-claim is substantially a cross-action and should not contain anything but the facts necessary to constitute it. If the defendant has any other defense to the action, either absolutely or as to the demand therein for treble damages, he must plead it separately.

As to the payment of taxes by one who holds the premises under color of title in good faith, adversely to the claim of another, I think, it is a proper subject of counter-claim in an action by the true owner for damages for withholding the possession of the premises. It is a cause of action arising out of the transaction set forth in the complaint— the occupation of the premises by the defendant. As was said in this court in Stark v. Starr [Case No. 13,307]: "The expenditure was not made voluntarily by the defendant, but in obedience to the law and for the benefit of the property, and consequently its owner. It is the duty of a party in possession of property, claiming title or interest therein to pay all lawful taxes and charges imposed thereon by public authority. If he neglect to do this, and purchase the property at a sale for these taxes, he acquires no right thereby, because his conduct is deemed fraudulent as against the true owner. As it turns out, these taxes were paid by the defendant for the benefit of the plaintiff. If the former had not paid them the latter must, or allowed the property to have been sold as delinquent. Therefore in estimating the damages to which the plaintiff is entitled for being kept out of possession, the amount of the assessment must be deducted from the gross rents, and the remainder is the true profits or damages." Bright v. Boyd [Case No. 1,875]. It is true that the plaintiff in this action has not sued for mesne profits or damages for withholding the premises eo nomine, but for certain trespasses alleged to have been committed thereon by the defendant. But if the fact is, as stated in this counterclaim, that the plaintiff was at the time in the occupation of the premises as a purchaser in good faith at a sale upon an execution against the property of the plaintiff, then this is substantially an action to recover damages for withholding the possession of the premises, in which the plaintiff may also recover for any particular waste or injury committed by the defendant thereon during his occupation. 1 Chit. Pl. 225.

In such action the plaintiff may omit all claim for damages other than those arising from the alleged waste or injury to the premises, but he cannot by so doing preclude the defendant from showing that such waste or injury was committed while he was in possession of the premises claiming the title thereto, in good faith, adversely to the plaintiff, and thereby prevent him from making any defense to which he may be entitled under these facts.

To enable the defendant to maintain a

counter-claim for the value of improvements made upon the premises it must appear therefrom that the improvements are permanent —affixed to the freehold and still existing— and that they ameliorate or better the condition of the property for the ordinary purposes for which it is owned and used (Stark v. Starr, supra); and that they were made while the defendant or those under whom he claims were in possession under color of title in good faith, adversely to the claim of the plaintiff.

Here, the allegation in the counter-claim, as to the circumstances under which the defendant entered and held possession of the premises as has been stated, contains facts tending to show that the defendant occupied under color of title in good faith, adversely to the plaintiff, but the proper mode of pleading is to allege such facts directly and not other ones tending to prove them.

From the facts stated concerning the alleged improvements it appears that the clearing of the portion of the land for pasture was and is a benefit to the premises, but it does not appear that the cabin is any benefit to the property or what its present value is.

The motion to strike out is allowed as a whole.