### MARCHAND v. HABER.

(Supreme Court, Trial Term, New York County. March 9, 1896.)

EJECTION FROM REALTY—TREBLE DAMAGES.

Under Code Civ. Proc. § 1669, declaring entitled to treble damages one who is ejected from real property in a forcible manner, one having no estate in premises, but merely bare possession, is not entitled to such damages merely because ejected on process void solely by reason of a defect in the petition filed in initiating the summary proceeding against him.

Action by Bernard Marchand against Harry D. Haber. Plaintiff moves for award of treble damages. Denied.

Hal Bell, for plaintiff.
A. Finelite, for defendant.

McADAM, J. The practice is for the jury to find single damages, and for the court, under the statute, to treble them in a proper case. Newcomb v. Butterfield, 8 Johns. 342; King v. Havens, 25 Wend. 420; Warren v. Doolittle, 5 Cow. 678; Anon., 4 Wend. 216; Du Bois v. Beaver, 25 N. Y. 123. The evident object of the provision as to treble damages (Code, § 1669) was to prevent wanton invasion of rights of property by awarding them in lieu of exemplary damages (Field, Dam. § 848). But the statute is to be interpreted as a penal one, and the facts disclosed do not bring the case within its spirit or intent. The proofs offered neither called for exemplary damages at the trial, nor for treble damages in lieu thereof now. The plaintiff had no estate in the premises. He merely had the bare possession, and, though ejected on void process, such ejectment was unlawful solely by reason of a defect in the petition filed in initiating the summary proceeding to remove him. He was not dispossessed in a forcible manner inhibited by the statute against forcible entry and detainer, and is not, therefore, entitled to the treble damages claimed. Willard v. Warren, 17 Wend. 262; People v. Smith, 24 Barb. 18; Wood v. Phillips, 43 N. Y. 158; People v. Field, 52 Barb. 214; Labro v. Campbell (Super. Ct.) 2 N. Y. Supp. 129. There was no wanton violation of any right of property. In Compton v. Chelsea, 139 N. Y. 538, 34 N. E. 1090, the plaintiff claimed title, and the action was in ejectment for restoration to the possession from which he had been actually dis-

seised vi et armis, without any attempt by the trespasser to resort to legal proceedings.    That case bears no analogy to this.    See, also, Eten v. Luyster, 60 N. Y. 253.

Motion denied.