BACH v. NEW.

(Supreme Court, Appellate Division, First Department.    December 31, 1897.)

FORCIBLE ENTRY AND DETAINER—TREBLE DAMAGES.

> Where, in an action based upon an alleged forcible entry and detainer, it appears that the entry was made without personal violence, and the detainer consisted in a mere refusal of a demand, without putting the plaintiff in fear or peril, treble damages, under Code Civ. Proc. § 1669, are not authorized.

Appeal from trial term.

Action by Edward Bach against Jacob New.    From a judgment entered on a verdict, and from an order denying a new trial, and from an order trebling the damages found by the jury, defendant appeals.  Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

James C. Cropsey, for appellant.

S. S. Gowdey, for respondent.

VAN BRUNT, P. J.    The appellant, in his points and upon the argument of the appeal in this case, having stated that he did not desire the court to consider the questions raised upon the appeal from the judgment and the order denying the motion for a new trial, in case the court should come to the conclusion that the order trebling the damages was improperly granted, we do not deem it necessary to discuss any of the exceptions or questions raised upon the record in reference to the judgment and the order denying the motion for a new trial.

There seems to be no evidence justifying the order trebling the damages, even if such an order could be made where the complaint

contains no further or other allegations or demands than does the one
in this record.    Even in the cases cited by the respondent, of which
Pharis v. Gere, 110 N. Y. 336, 18 N. E. 135, is a sample, the rule is
recognized that more than mere words are needed to make a forcible
detainer, and that personal violence must be shown in order to sup-
port the action.    In the case at bar the entry was made without per-
sonal violence, and possession of the premises was detained with-
out personal violence.    All that occurred in reference to the detainer
was that the plaintiff made a demand for the premises; that he
went to the defendant, and asked him: "How about that stable?
Are you going to keep me out of it any longer?"    To which the de-
fendant replied: "Well, what are you going to do now?    Mr. McCan
is in.    You can't get in any more."    That is all that occurred be-
tween the parties.    No violence; simply a refusal of a demand.
The plaintiff was put in no fear or peril.    Hence there was no forci-
ble detainer.    It is conceded that the entry was without violence, ex-
cept so far as the wrenching off the lock of the stable was concerned.
Neither the defendant nor any of his servants used any other vio-
lence.    Under these circumstances, there was no foundation for the
order which the court made, trebling the damages, and the same
should be reversed, and the judgment reduced to the sum of $586.47,
—being damages, $400; extra allowance, $20; and costs, as taxed,
$166.47.    As so modified, the judgment should be affirmed, without
costs.    All concur.