(26 Misc. Rep. 738.)

## TISCHLER v. KNICK et al.

### (Supreme Court, Appellate Term.   March 24, 1899.)

1. FORCIBLE ENTRY AND DETAINER—POSSESSION OF PETITIONER.

A lessee of a store, by obtaining the keys and going to the store, and there agreeing with the former tenant, who was in possession, that he might remain until the following morning, does not obtain such a possession as to entitle him to proceed against an assignee of the former tenant, whom he found in possession the following morning, for forcible entry and detainer.

2. SAME—ENTRY.

A quiet, peaceable entry cannot be converted into a forcible entry by subsequent acts of force.

3. SAME—DETAINER.

A statement by the person in possession, to petitioner's attorney, that "no one had a right to interfere; that he could put anybody out who went to interfere with him,"—constitutes no such threat or intimidation against petitioner as to warrant a finding of a forcible detainer.

Appeal from municipal court, borough of Manhattan, Fifth district.

Summary proceeding by Samuel Tischler against Frank Knick and another for forcible entry and detainer.   From an order for petitioner, defendants appeal.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Hayman & Rosenthal, for appellants.

Leon Sanders, for respondent.

LEVENTRITT, J.   This was a proceeding for forcible entry and detainer.   The defendant Frank Knick was in possession of the store at 61 Pike street on and prior to the 2d day of June, 1898.   Jacob Kottek, the owner of the premises, had on the 30th day of April, 1896, executed a lease of the store to one David Brill for a period of three years, and the latter, unknown to Kottek, on the 28th day of February, 1898, assigned the unexpired term to Knick, who, however, employed Brill as his agent to continue there the saloon business.   The rent thereafter was paid through Brill, but, default in payment for the month of May having been made, Kottek instituted summary proceedings.   The precept was served on Brill on the 13th day of that month, and, in due course, a judgment of dispossession was rendered, and on the 18th day of May a warrant was issued.   It does not appear that this warrant was ever executed.   Thereafter, on the 31st day of May, 1898, Kottek executed a new lease to Samuel Tischler, the petitioner, to take effect the next day.   Upon the trial some very slight evidence was introduced supporting Tischler's assumption of possession.   This, even in the absence of the overwhelming preponderance of evidence in contradiction, would not sustain such possession as is the condition precedent to the maintenance of this pro-

ceeding.    Thus, on the 1st of June, Tischler claims that he went to the store and obtained the keys.    Several witnesses swear that he never entered the store.    Tischler asserts that he found Brill behind the bar, and that he acceded to Brill's request to be permitted to remain until the following morning.    Tischler thereupon left.    Returning, on June 2d, he found the defendant Knick in possession, conducting the business, and claiming his rights under the assignment of the first lease.    This is substantially the entire evidence of the petitioner, and it is not only materially discredited by the written admissions of his chief witness, but is completely overborne by contradictory proof.    Even Tischler does not pretend that he did more than announce his right to the premises.    He walked in and departed as a stranger would have done.    He assumed no control, gave no directions, and, in fact, did nothing indicative of ownership.

Granting, however, that he was in possession, this proceeding must fail, as the record is barren of evidence showing either a forcible entry or a forcible detainer.    From all that appears, Knick entered quietly and peaceably.    Tischler, on his return, found him there, behind the bar, waiting on customers.    Even conceding that Brill was ejected, and the more improbable statement that he was the recently constituted agent of the petitioner, the prior quiet entry of Knick cannot thereby be converted into a forcible one.    That ejectment is the sole evidence of violence.    There is, in our opinion, no evidence of forcible detainer.    Knick's statement to petitioner's attorney that "no one had a right to interfere; that he could put anybody out who went to interfere with him,"—was the only evidence offered to support the detainer, and constituted no such present threat or intimidation against the petitioner as would warrant a finding of forcible detainer.

The order should be reversed, with costs.

FREEDMAN, P. J., concurs.

MacLEAN, J. (concurring).    It appeared in evidence that the owner of No. 61 Pike street, in the borough of Manhattan, New York, in the month of May, 1898, took proceedings to dispossess the tenant, one Brill.    Those proceedings resulted in a judgment, final order, and precept for the dispossession of Brill, but there was no proof of the service or execution of the judgment, final order, or precept.    The petitioner testified that on May 31st a lease of the premises was executed by the owner to him, and that between 5 and 6 o'clock in the afternoon of the 1st of June he went to the store with the owner's agent, who gave him the keys; that Brill was in the store with some people,—customers; that he told Brill that the place belonged to him; that he had paid the rent, and got the lease, and that Brill had got to go out; that Brill replied, "All right," and to please give him a chance, as he wanted to stay there until the next morning to get some things out belonging to him; that the petitioner then left Brill on the premises until the next morning to get his things out; that he went to the place in the morning, and saw some strange people there; that he did not get possession, did not do anything, but took counsel, and the trial was not yet finished.    Brill testified that he went there the next morn-

ing; that he went to the brewery, and got back to the premises at half past 6, and found a whole crowd there; that he wanted to go behind the bar, and that some one called the sheriff, took him by the collar, and threw him outside. Another witness for the petitioner testified that he was in the place on the same 2d of June, between 3 and 4 o'clock; that there were there four people and a couple more whom he did not know; that when Brill came back he wanted to go behind the bar, and the defendant called the sheriff, and pushed him away. This was contradicted by several witnesses. It is, however; all the evidence respecting violence. The evidence, at the most, tended to show the commission of a trespass, and not that violence which is the gist of forcible entry and detainer. Whether Brill were maltreated or not when he wished to go to the bar is of no moment in this proceeding. If assaulted at all, he was not assaulted with reference to the entry upon, or detention of, the premises. According to the petitioner's own statement, Brill had no rights upon the premises, having been dispossessed by the owner, and having been left in the place by the petitioner only until the next morning, to get his things out. Brill, it is true, testified that he had offered to remain as agent, but there is no statement that his offer was accepted, nor is there anything to show how the crowd of strange people who are said to have been found in the saloon entered the premises. The judgment of the municipal court should be reversed, with costs.

Judgment reversed, with costs.