erly prepare for the trial and present her case, and to support until the trial shall determine her rights. This court has in some instances followed a special term decision of the superior court of the city of New York (Patton v. Patton, 13 Misc. Rep. 726, 35 N. Y. Supp. 250), to the effect that alimony and counsel fee should not be granted in separation cases. The foundation of that decision seems to have been another special term decision of the same court. Ruoff v. Ruoff, 35 N. Y. Supp. 251. The ground of this latter decision seems to have been that an adequate remedy exists by summary application to the police courts. Possibly in those cases ample relief could have been afforded by those courts, but in many cases the relief which those courts have the power to give is entirely inadequate. The remedies are not identical. The police courts have no authority to award a counsel fee to the attorney for the wife where she is, in a proper case, entitled to conduct a suit for a legal separation. A wife may not only be entitled to support for herself and children, but likewise to an adjudication of a competent tribunal that she may live separate and apart from her husband, and without molestation from him, where he has given the necessary cause, and in such a case she is undoubtedly entitled to be furnished with the means to conduct such suit. Again, the magistrates' courts have no power to decree that the husband shall support his wife, except where he abandons her, and in consequence she is likely to become a public charge. Greater New York Charter, § 685. It does not cover the case in which the husband, by cruel and inhuman treatment, or by a course of conduct equivalent thereto, necessitates a self-respecting woman to leave him. There the husband does not abandon the wife, but the wife abandons the husband. In the present case the course of conduct of the husband was such, in my opinion, as to justify the wife in leaving him, and the decisions cited ought not to prevent justice from being done. While they may have been correct, so far as the facts therein presented are concerned, they ought not to be broadened to the extent of becoming a principle to be adopted in all cases where alimony and counsel fee are sought in an action for separation. Each case should be judged on its own facts. In the present case my judgment is that the plaintiff should receive a counsel fee of $250 and alimony of $12 per week. The motion is granted. Motion granted.

---

(35 Misc. Rep. 495.)

HORTON v. EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES.

(Supreme Court, Special Term, New York County. July, 1901.)

PLEADING—MISJOINDER—CAUSES OF ACTION.

    Where a complaint alleged in the first count an improper ejectment of plaintiff's property from his law office in defendant's building, and claims therefor treble damages, and alleges in its second count the same acts as done through a conspiracy between defendant's officers and a third person, the plaintiff's immediate lessor, and claims general damages for such wrong, there is but one tort alleged, viz. the unlawful interference with his property and tenant rights, the charge of con-

spiracy being surplusage, and, therefore, such complaint was not de-murrable for misjoinder of causes of action.

Action by Dudly R. Horton against the Equitable Life Assurance Society of the United States for a wrongful ejectment from the building in which plaintiff was a tenant.    Demurrer to the complaint overruled.

Sanford S. Gowdey, for plaintiff.

Alexander & Colby (John A. Thompson, of counsel), for defendant.

RUSSELL, J.    The demurrant asserts that the complaint is bad for improper joinder of two causes of action.    Two counts are set forth in the complaint.    The first avers the improper ejection of plaintiff's property from his law office in the Equitable Building, New York City, on the 28th of October, 1894, and injury to such property to plaintiff's damage in the sum of $250, with a claim for treble damages, under section 654 of the Penal Code, which punishes willful injury to property by fine and imprisonment, and also gives to the party injured treble damages, to be recovered in a civil action.    The second count reaffirms the allegations in the first, and avers that the same unlawful act was done through a conspiracy between the officers of the defendant and the lessor of the plaintiff, and also avers a general injury to plaintiff's business in the sum of $5,000.

From all the facts stated in the complaint there arises but one cause of action.    That cause of action exists, if at all, in consequence of the unlawful act of the defendant by the interference with his property and tenant rights.    But one action could be maintained by him against this defendant for such an injury.    If the ejection was wrongful, the recovery could be had, but that one recovery satisfies any claim for damages he might have, so far as the right to resort to an action for such purpose may be permitted.    A judgment based upon the facts stated in the first count would be a bar to the maintenance of the second action upon the statements of the second count.    The reason forbidding the joinder of different claims, which overcomes the general rule that it is for the interest of the public to condense a litigation between the same parties into one action, is that no defendant shall be subject to the embarrassment and difficulty of meeting on the trial claims arising from widely different issues, and that the court and jury shall not be perplexed in the solution of the matter at issue between the parties.    Where, however, but one cause of action exists, which arises from a single transaction, the plaintiff has in some manner or form the right to present his claim by way of complaint for all the results which may by provision of law ensue.    He has a right to all the damages resulting from the wrongful act.    If he claims damages, he must prove them, whether he be entitled to treble damages or not.    In this respect the rule is different here from that of an ordinary action for a penalty, where the proof of the act brings, without evidence of damages, the right to recover the penalty.    If the facts alleged to sustain the cause of action entitle the plaintiff to recover treble damages, the court may so rule upon the trial.

It is perhaps difficult to see what the allegation of the conspiracy is inserted for. If the act was a willful wrong, it does not add to the force of the consequences that that wrong may have been plotted with another, instead of being the sole creation of the one who executes. A willful act is one which presumes that the thing was done in consequence of deliberate design. If that design had been confined to a mere wish or purpose, or a conspiracy agreed upon with another to accomplish the result, and no overt act was perpetrated to carry out that purpose or conspiracy, no injury came to the plaintiff. Many of the allegations of the complaint are mere statements, evidential in their character, to justify the averment of the facts stated. Whatever objection might be made to them upon a proper motion, or whatever objection may be made upon the trial to the recovery of treble or punitive damages, is not the question for solution here.

I hold that two different causes of action are not improperly joined in the complaint, and therefore overrule the demurrer, with costs, and leave to answer on the payment of costs. Demurrer overruled, with costs; leave to answer on payment of costs.