### YEAMANS v. NICHOLS.

#### (City Court of New York. December, 1902.)

1. **TREBLE DAMAGES—FORCIBLE ENTRY—ABSENCE OF TENANT—EFFECT.**

     Code Civ. Proc. § 1669, provides that if a person is disseised or put out of real property in a forcible manner he shall recover treble damages. A landlord directed the janitor to remove the tenant's property, which the janitor did, in the tenant's absence, by opening the door of the room with a key and removing the property to a storeroom. *Held*, that the tenant was not entitled to treble damages, the entry having been made peaceably, and the tenant not having been put in fear or peril.

2. **SAME—GENERAL VERDICT—EFFECT.**

     The tenant having sued the landlord both for trespass and a conversion, and the jury having rendered a general verdict, so that it was impossible to tell that anything had been awarded for the trespass, treble damages could not be allowed.

3. **SAME—MALICIOUS INJURY TO PROPERTY.**

     Pen. Code, § 654, provides that a person who "unlawfully and willfully" injures any property of another shall be liable to certain punishment, and, in addition, to treble damages. A tenant alleged that his landlord "wrongfully" broke and entered into the tenant's room and removed a large quantity of merchandise. *Held* that, as "wrongfully" was not the equivalent of "unlawfully and willfully," the complaint did not warrant the recovery of treble damages.

Action by Bernard Yeamans against John W. T. Nichols. On motion by plaintiff for an award of treble damages. Motion denied.

Jacob Friedman, for the motion.

Charles A. Brewster (W. W. Macfarlane, of counsel), opposed.

SEABURY, J.   The complaint alleges that the defendant wrong-fully broke into a room which the plaintiff claimed he held as tenant of the defendant, and removed therefrom property belonging to the plaintiff.   The evidence offered upon the trial showed that the de-fendant directed the janitor of the building to remove the property of the plaintiff.   Pursuant to this direction, in the absence of the plain-tiff, the janitor opened the door of the room with a key, and in a peace-able manner removed the property of the plaintiff and placed it in another room in the building which was used as a storeroom.   The jury awarded the plaintiff a verdict of $492 as damages for the tres-pass and conversion alleged in the complaint and proved upon the trial.   The plaintiff now moves that the court treble the damages awarded by the jury.   This application is made under section 1669 of the Code of Civil Procedure and section 654 of the Penal Code.

Section 1669 of the Code of Civil Procedure does not provide for treble damages in every case of even a wanton or malicious invasion of the right of property.   Such an award can only be made under this section when a person is disseised, ejected, or put out of real property in a forcible manner.   Since the case of Willard v. Warren, 17 Wend. 257, it has been settled in this state that an award of treble damages for the forcible disseisin from lands cannot be sustained unless there be something beyond a mere trespass upon the property.   In that case the court declared that, to constitute a forcible entry, the entry must be riotous, or personal violence must be used, or there must be threats or menaces of violence, or that other circumstances must exist inducing a terror in the occupant of the premises.   The court held that the breaking of a lock of an outhouse in the possession of the plaintiff did not constitute a forcible entry.   This view of the law has been repeatedly restated and followed by subsequent deci-sions.   Carter v. Anderson, 11 N. Y. Supp. 883; Morgan v. Powers, 83 Hun, 298, 302, 31 N. Y. Supp. 954; Bach v. New, 23 App. Div. 548, 48 N. Y. Supp. 777; Marchand v. Haber, 16 Misc. Rep. 322, 37 N. Y. Supp. 952.   In the case at bar the entry was made peaceably in the absence of the plaintiff, and the plaintiff was not put in fear or peril.

Section 1669 of the Code of Civil Procedure does not award treble damages for conversion, but for trespass.   In this case both questions were submitted to the jury, and a general verdict for the plaintiff was returned.   It is impossible to determine how much of the award of $492 was for the trespass, and how much for the conversion.   As Marcy, J., said in Mooers v. Allen, 2 Wend. 247: "The verdict being general, the court cannot say that the jury found the defendant guilty on the count under the statute.   The plaintiff does not, therefore, show that he is entitled to treble costs."   The application for treble damages, therefore, clearly cannot be sustained under section 1669 of the Code of Civil Procedure.   The plaintiff, however, insists that he is entitled to an award of treble damages under section 654 of the Penal Code.   When treble damages are given by statute, the sum found by the jury must be increased by the court (Code Civ. Proc. § 1184).

Section 654 of the Penal Code provides that "a person who unlawfully and willfully destroys or injures any real or personal property of another," shall, in addition to the punishment prescribed, be "liable in treble damages for the injury done, to be recovered in a civil action by the owner of such property." This penal statute prohibits, in sweeping language, acts which at common law constituted malicious mischief, and is broad enough in its scope to include other acts also prohibited by the Penal Code, but it prescribes certain punishments for such acts only "when the punishment is not specially prescribed by statute." People v. Knatt, 156 N. Y. 315, 50 N. E. 835. In addition to the fine and imprisonment prescribed as a punishment for the wrong done the public, it confers a right to a civil action, and prescribes that when damages are recovered they shall be trebled. The right conferred by this section of the Penal Code "is a civil action for damages, in which the policy of the law has been seen fit to charge the guilty defendant three times the actual damages." Layton v. McConnell, 61 App. Div. 447, 451, 70 N. Y. Supp. 679. But such a civil action cannot be maintained unless the complaint states facts sufficient to constitute a crime under section 654 of the Penal Code. In the present case the complaint states a cause of action, and a recovery was awarded in accordance with the facts pleaded and proven upon the trial, but it does not allege a cause of action under this statute. In order to establish a cause of action under this provision of the Penal Code, a willful as well as an unlawful destruction of or injury to property must be pleaded and proved. The complaint in the action alleges that the defendant "wrongfully and with force and violence broke and entered into and upon the plaintiff's said room and removed therefrom a large quantity of merchandise," etc. There was absolutely no proof that the entry into the room of the plaintiff and the removal of the merchandise therefrom was accompanied by "force and violence."

The question presented is, whether the simple allegation that the defendant "wrongfully" entered said room, etc., states a cause of action under a statute permitting a recovery only in the event of an "unlawful and willful" injury. "The word 'willfully' in the statute," said Judge Andrews in Wass v. Stephens, 128 N. Y. 128, 28 N. E. 23, "means something more than a voluntary act, and more also than an intentional act which in fact is wrongful. It includes the idea of an act intentionally done with a wrongful purpose, or with a design to injure another, or one committed out of mere wantonness or lawlessness." In Hewitt v. Newburger, 141 N. Y. 538, 36 N. E. 593, an information which omitted to allege an unlawful and criminal intent was held not to charge a crime under section 654 of the Penal Code. In the case of People v. Kane, 131 N. Y. 111, 29 N. E. 1015, 27 Am. St. Rep. 574, it was held that, in order to establish an offense under this statute, both an unlawful and willful destruction of property must be proved. In Layton v. McConnell, 61 App. Div. 447, 70 N. Y. St. Rep. 679, and Von Hoffman v. Kendall, 44 Am. St. Rep. 484, where it was held that a cause of action under the statute was properly pleaded, both an unlawful and willful destruction of property was alleged. The omission of such an allegation in this complaint is fatal to the

right to recover under this statute.   Nor is there anything contrary to
the views above expressed in Horton v. Equitable L. A. Soc., 35 Misc.
Rep. 495, 71 N. Y. Supp. 1060, where the only question decided was
that the complaint was not demurrable on the ground that it improp-
erly united two different causes of action.

The complaint in this action fails to state a cause of action under sec-
tion 654 of the Penal Code, and an award of treble damages, which are
incidental to a recovery in such an action, cannot, therefore, be made.

The motion is denied.