(61 Misc. Rep. 228.)

## PAKAS v. HURLEY.

(Supreme Court, Appellate Term.   December 24, 1908.)

1. LANDLORD AND TENANT (§ 308*)—RECOVERY OF POSSESSION—SUMMARY PROCEEDINGS—EVIDENCE.

   Evidence in a summary proceeding for land, brought by one forcibly kept out, as authorized by Code Civ. Proc. § 2235, and against the person holding the possession by force, as authorized by section 2233, *held* sufficient to show a forcible holding out, absence of which was the only one of the two defenses, available under section 2245, relied on.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1316; Dec. Dig. § 308.*]

2. EVIDENCE (§ 242*)—ACTS AND ADMISSIONS OF AGENT.

   Defendant in summary proceedings by a landlord to recover possession of a hotel testifying that he was living in the house, paying all the employés, and running the house as any hotel proprietor would run it, acts of the persons at the desk and on the premises, who refused admission to the office and ejected petitioner from the premises, were prima facie chargeable to defendant, so that petitioner could introduce evidence of conversations with and acts of force of one of such employés at such time.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 898; Dec. Dig. § 242.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Summary proceeding by Solomon L. Pakas against Frank C. Hurley to recover possession of a hotel. From a final order, after a trial before the court without a jury, awarding premises to petitioner, defendant appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Meyer Greenberg (Henry Greenberg, on the brief), for appellant.
Kurzman & Frankenheimer (John Frankenheimer and H. L. Gutman, of counsel), for respondent.

GIEGERICH, J.   These proceedings were brought under section 2235 of the Code of Civil Procedure by the owner (respondent) to recover the possession of certain premises known by the street number 100 West Eightieth street in the borough of Manhattan, New York City, and being a hotel known as the "Orleans," of which he claims the appellant forcibly withheld possession from him.   The answer denied the forcible withholding of possession, and by way of separate defense alleged that the appellant was in possession under a lease.

The respondent, upon the trial, gave testimony to the effect that the appellant went into possession of the hotel in the month of April, 1908, under an arrangement with him, the owner of the same, by which the appellant was to manage the business temporarily and with a view to taking a lease, if he found that the enterprise could be profitably conducted, and if it turned out that the parties could agree upon the terms of a lease; that on June 30th he discharged the appellant, and ordered him to leave the premises, which he refused to do; and that the appellant forcibly withheld possession of the same from him, as hereinafter more fully shown.   The appellant, on the other hand, claimed that on June 1st an oral agreement was entered into between the respondent and himself by which he agreed to lease the premises for a year from the 1st day of July following, with an option of a further term of 14 years, and that the petitioner agreed so to let the premises to him upon terms fully agreed upon.   No written lease was ever executed.   The appellant denied that the respondent discharged him, and that either he or any one in his behalf used any force to oust the respondent from the hotel.   The trial justice awarded to the respondent the delivery of the possession of the premises, and the appellant has appealed to this court.

It will be noted that the proceedings were not brought under subdivision 1 of section 2231 of the Code of Civil Procedure, which confers the right to institute summary proceedings upon the grounds, among others, that the period during which the servant was permitted to occupy the premises has expired, or that the relation of master and servant was lawfully terminated before the expiration of such term or permission; but they were instituted under section 2235, which permits an application, as provided in title 2 of chapter 17 of the Code, to be made by "the person forcibly put out or kept out" of the premises. Section 2245 of the Code of Civil Procedure provided:

"Where the application is founded upon an allegation of forcible entry or forcible holding out, the petitioner must allege and prove that he was peaceably in actual possession of the property, at the time of a forcible entry, or in constructive possession, at the time of a forcible holding out; and the adverse party must either deny the forcible entry, or the forcible holding out, or allege, in his defence, that he, or his ancestor, or those whose interest he claims, had been in quiet possession of the property, for three years together next before the alleged forcible entry or detainer; and that his interest is not ended or determined at the time of the trial."

It will be seen from the foregoing provisions that only two defenses can be interposed on a proceeding for a forcible holding out. Lowman v. Sprague, 73 Hun, 408, 26 N. Y. Supp. 568. The answer in the present proceeding, as already seen, contains but one of such defenses, viz., a denial of the allegations as to a forcible holding out. We are thus limited to the consideration of the issue arising with respect to the alleged forcible holding out; the sufficiency of the evidence relating thereto being challenged by the appellant.

In order to pass upon the question so presented, it may be well to consider the statutory provisions pertaining thereto and the decision thereunder. Section 2233 of the Code of Civil Procedure, so far as applicable, provides that "a person * * * who, having peaceably entered upon real property, holds the possession thereof by force" may be removed therefrom as provided in said title 2. It was shown upon the trial that the respondent was the owner in fee of the premises in question, and there was sufficient evidence adduced to warrant the finding that he was in constructive possession of the same at the time of the alleged forcible holding out. Code Civ. Proc. § 2245; Lowman v. Sprague, supra; Town of Oyster Bay v. Jacob, 109 App. Div. 613, 619, 96 N. Y. Supp. 620; 13 Am. & Eng. Ency. Law (2d Ed.) 751.

The principle underlying proceedings for recovery of possession of real property for forcible detainer is thus stated by Judge McAdam in his treatise on Landlord and Tenant (volume 3 [3d Ed.] p. 189):

"The detainer should be with such numbers of persons and show of force as is calculated to deter the rightful owner from attempting to re-enter. Milner v. Manlean, 2 Car. & P. 17; Watson v. Whitney, 23 Cal. 376; Harrow v. Baker, 2 G. Greene (Iowa) 201. The main object of the statute was to preserve the public peace and prevent parties from asserting their rights by force or violence, though by gradual additions the remedy has become in effect a private as well as a public one."

In some of the earlier cases, cited with approval by Judge McAdam, we find that slight evidence was sufficient to present the question to the jury. Thus, in People v. Rickert, 8 Cow. (N. Y.) 226, the defendant, having entered peaceably, told the former possessor that it would not be well for him if he ever came on the premises again, by day or night. It was left to the jury to say whether this was a threat of personal violence, and consequently a forcible detainer within the statute. The jury found it was, and a new trial was denied.

In the recent case of Town of Oyster Bay v. Jacob, 109 App. Div. 613, 96 N. Y. Supp. 620, there was no expressed threat of personal violence. Mr. Justice Jenks, who spoke for the court, in a well-considered and scholarly opinion, said (page 618 of 109 App. Div., page 624 of 96 N. Y. Supp.) that "there may be menace without words," and, in discussing the matter of violence, he said, at page 617 of 109 App. Div., and page 624 of 96 N. Y. Supp:

"It is not necessary that the occupant should resist until he compel the doing of an overt act in breach of the peace."

In Bach v. New, 23 App. Div. 548, 48 N. Y. Supp. 777, Tischler v. Kinck, 26 Misc. Rep. 738, 57 N. Y. Supp. 3, and Vallauri v. Loftus & Co., 26 Misc. Rep. 760, 56 N. Y. Supp. 1066, cited by the appel-

lant, there was a mere demand of possession. and no threats were. made, nor was any violence of any kind offered. Those cases are therefore not analogous.

Let us now consider whether the alleged forcible holding out was established. The respondent testified that on June 30, 1908, he visited the premises and ordered the appellant to leave, but that the latter claimed a lease, refused to vacate, and an altercation ensued; that on the next day he went to the premises again, and said to the appellant, "Are you still here?" and the latter replied, "Yes; and I mean to stay here." The record continues:

"And I told him again: 'I told you yesterday you should get out.' He says: 'Yes; but I am still here, and I mean to stay here.' Some hard words passed there, and I called him some names. I told him he was a liar, etc., and other names. He said, 'You are not big enough a man to put me out,' and I said, 'If I am not big enough, you will hear from me later on,' and I went away. I did not want to fight there. It looked like a fight was coming, and I didn't want to fight there, and I went away. * * * He said: 'I will put you out. I got a lease here.' He was ready to fight. He had two or three men sitting there to help him."

The respondent also testified to a further visit to the premises on or about July 22d in company with the witness Frank and another person, when he and his companions were refused admission to the office by the man at the desk, and were finally pushed out of the hotel by men who came from upstairs. This was corroborated by the witness Frank, who further testified that on the occasion of this visit to the premises he had spoken to the appellant over the house telephone, had told him that he had come with Mr. Pakas to take possession of the hotel, and that the appellant had said that he would be down in a minute, and that it was some little time after this that he and his companions were put out by the men who came from upstairs—one of them wearing a porter's blouse.

The appellant corroborated the witness Frank with regard to the telephone conversation at the hotel. He testified that on June 30th he did not tell the respondent that he would "break his head," nor throw him out of the hotel; that the respondent did not say, "He wants possession of this house on the 30th of June"; that he did not throw the respondent out of the building on July 2d, nor on July 22d; and that he did not "at any time instruct anybody to throw Mr. Pakas out." The testimony so given by the appellant falls far short of a denial of the above testimony, adduced in behalf of the respondent, that the appellant forcibly kept him out of the hotel in suit. The evidence was therefore sufficient to warrant a finding that there was a forcible detainer, and the case clearly comes within the above-stated provisions of section 2233 of the Code.

The acts of the persons at the desk and on the premises, who refused admission to the office and ejected the petitioner from the premises on July 22d, were, under all the circumstances, prima facie chargeable to the appellant, who testified that he was living in the hotel at the time, paying all the employés, and running the house as any hotel proprietor would run it. Svenson v. Atlantic Mail S. S. Co., 57 N. Y. 108, 111; Leslie v. Knickerbocker L. I. Co., 63 N. Y. 27, 35; Hughes

v. N. Y., etc., R. Co., 36 N. Y. Super. Ct. 222, 225; McCoun v. N. Y. Central R. R. Co., 66 Barb. (N. Y.) 338, 339; Norris v. Kohler, 41 N. Y. 42.

It was not, therefore, error to receive the testimony of the witness Frank as to certain conversations had with an employé of the appellant named Fitzhughes and acts of force on the part of the latter at the hotel in question on July 22d. They were simply narrations of actual occurrences, including conversations had with an employé of the appellant.

The final order should therefore be affirmed, with costs. All concur.