Robert 0. Brink, J.
This is an action to recover treble damages for forcible entry or detainer pursuant to section 535 of the Real Property Law of the State of New York. The defendants have moved for summary judgment.
Plaintiff’s complaint alleges that “ that thereafter on said date (February 18, 1959) the defendants forcibly entered plaintiff’s said premises and with threats and in a violent and forcible manner disseized the plaintiff and ejected her and put her out of possession of her said premises, and by force of arms and threats of violence to her person kept her out therefrom ’ ’. In her affidavit in opposition to defendants’ motion, the plaintiff alleges: that she rented a room from one of the defendants at a weekly rental of $10; that she paid the rent regularly until on or about the 15th day of February, 1959, at which time an additional week’s rent became due and owing; that she was unable to pay her rent on that date; that about 8 o’clock in the evening of February 18, 1959, three days after the rent was due, she returned to the defendants’ home about 10 o’clock in the evening and found all the doors were locked and the lights were out; that the television set was on, but no one answered her knocks or her calls; that the night was bitterly cold and it was snowing; that she called the Binghamton police and that after two patrolmen arrived at the scene they learned that the defendants did not want the plaintiff in the house; that plaintiff’s belongings were subsequently put out on the porch of the house and the defendants still hold plaintiff’s pet parakeet; that on or about the 10th day of February, 1959, the plaintiff was served with a notice to remove, but no summary proceedings have ever been instituted.
While it is possible that plaintiff may have a cause of action against the defendants on some other ground, it seems quite apparent that the facts set forth by the plaintiff in her affidavit do not constitute a sufficient basis to support an action for forcible entry or detainer within the provisions of section 535 of the Real Property Law. To establish such a cause of action, the force employed to oust the tenant must be unusual and tend to bring about a breach of the peace. Mere trespass is not enough. (Drinkhouse v. Parka Corp., 3 N Y 2d 82; Arout v. Azar, 219 App. Div. 260; Bach v. New, 23 App. Div. 548, 549.) *411 The manner in which the plaintiff was evicted does not meet this test.
The defendants are entitled to an order' directing the entry of summary judgment in favor of the defendants against the plaintiff dismissing plaintiff’s complaint on the merits and awarding the defendants taxable costs.
Order may be submitted accordingly.