GILLET *against* MASON.

*Bees* are *feræ*      IN error, on *certiorari*, from a justice's court.
*nature;* and un-
til hived and re-        *Mason* declared against *Gillet*, before the justice, in an
claimed, no pro-
perty can be ac-    action of *trespass*, for cutting down a tree containing a
quired in them.
Finding a tree    swarm of bees, and carrying away the bees and ho-
on the land of
another, con-     ney, which the plaintiff below had before found, and
taining a swarm
of bees, and      had marked the tree with the initials of his name.
*marking* the
tree with the        *Gillet* pleaded the general issue ; and there was a trial
initials of the
finder's name, is  by jury.
not reclaiming
the bees, nor        *Mason* proved, that previous to bringing this suit, he
does it vest in   had found a tree, containing a swarm of bees, standing
the finder any
exclusive right   on the land of *Timothy Gillet,* lately deceased, father of
of property in
them; nor can     the defendant; that he marked the tree with the ini-
the finder main-  tials of his name, A. M.; that the defendant had
tain trespass
against a per-    cut down the tree, and taken and carried away the bees
son for cut-
ting down the     and honey; and that the tree contained a large swarm
tree and carry-
ing away the      of bees, and a large quantity of honey, of the value of
bees.
              10 dollars.

It was admitted by the plaintiff, that the land
where the tree stood, belonged to *Timothy Gillet;* but
it was denied that the defendant was his heir, or had any
possession of the land. It was admitted that the de-
fendant was a son of *Timothy Gillet.* The justice, in
charging the jury, put the cause on the point, which of
the parties first reclaimed the bees from a wild state ;

and the jury found a verdict for the plaintiff below, for

nine dollars.

*Per Curiam.*    *Bees* are considered by Judge *Black-stone*, (2 *Com.* 392.) as *feræ naturæ;* but when hived and reclaimed, a qualified property may be acquired in them. Occupation of them, according to *Bracton,* that is hiving or enclosing them, gives the property in *bees.*    In the present case, it appears the bees were not hived before they were discovered by the defendant in error, and the only act he did was to mark the tree.    The land was not his, nor was it in his possession.    Marking the tree did not reclaim the bees, nor vest an exclusive right of property in the finder, especially in this case, against the plaintiff in error, who, as one of the children of *Timothy Gillet,* (who does not appear to have made a will,) must be considered as one of the heirs, and, as such, a tenant in common in the land.    *Blackstone* (vol. 2. p. 393.) inclines to the opinion, that under the *Charter of the Forest,* allowing every freeman to be entitled to the honey found within his woods, a qualified property may be had in bees, in consideration of the soil whereon they are found, or an ownership, *ratione soli.* According to the civil law, (*Just. Inst.* lib. 2. tit. 1. s. 14.) bees which swarm upon a tree, are not private property, until actually hived; and he who first encloses them in a hive, becomes their proprietor.

Judgment reversed.