UTICA,
August, 1823.

FERGUSON
v.
MILLER.

---

## FERGUSON *against* MILLER:

CERTIORARI to a Justice's Court. Trespass, by *Miller* against *Ferguson*, for cutting a bee tree, standing on the land of one *Jenkins*. The plaintiff had discovered the tree, and marked it with the initials of his name ; and a witness swore that *Jenkins* gave him liberty to cut the tree, though *Jenkins* remembered nothing of this on the trial. The defendant traced the swarm of bees to the same tree, cut out the initials of the plaintiff's name, substituted his own, and felled

Wild bees, in a bee-tree, belong to the owner of the soil where the tree stands.

Though another discover the bees, and obtain license from the owner to take them, and mark the tree with the initials of his name, this does not confer the ownership upon him, until he has taken actual possession of the bees.

If he omit to take such possession, the owner of the soil may give the same license to another, who may take the bees, without being liable to the first finder.

The two parties, both having license, the one who takes possession first, acquires the title.

Whether giving a second license to take the bees, was a revocation of the first ? Quere.

UTICA,
August, 1823.

FERGUSON
v.
MILLER.

and removed the limb of the tree, where the bees were, under a subsequent license from *Jenkins*, for which the defendant agreed to pay him 50 cents. On motion for a non-suit, because the plaintiff had not established a sufficient property in himself, the Justice overruled the motion, and charged the jury, that the plaintiff, after getting permission from *Jenkins* to cut the tree, had sufficient property in the bees to maintain trespass against any person for taking them away. The jury found for the plaintiff, on which judgment was given.

*W. Lynderman*, for the plaintiff in error.

*I. Fish*, contra.

*Curia.* [After remarking, that this case, as to the property in the bees, came precisely within that of *Gillet* v. *Mason*, (7 *John*. 16 ;) and that the owner of the soil alone had a right to the tree, with all that was in it :] Admit the fact that *Jenkins* gave *Miller* liberty to cut the tree and take the bees—that did not give him a title to the bees till he had taken possession of them. The license was without consideration, and liable to be revoked at pleasure. Suppose, *Jenkins*, himself, had cut the tree and taken the bees : can it be pretended that the plaintiff could have maintained an action against him ? The plaintiff had neither the ownership nor the possession. The utmost extent of his right, was, *that he had it in his power to become the owner, by taking possession*. The defendant had the same, and, perhaps, a greater right ; as the license to him may have been a revocation of the former license. But suppose it was not, then the two parties stood on an equal footing; and he who first reduced them to possession became the owner.

Judgment reversed.