EMMA M. MORGAN, Respondent, *v.* DANIEL W. POWERS and Others, Appellants.

*Damages for personal injuries — verdict not excessive — notice to quit to a tenant at will — not vitiated by a defect in the time specified therein — when waived by the giving of a second notice — when the tenancy is terminated.*

Upon the trial of an action, brought to recover damages resulting from personal injuries, the plaintiff's evidence tended to show that she was very severely and seriously injured, and in consequence of her injuries was confined to her bed for a number of weeks, and that her injuries were likely to prove permanent.

*Held,* that a verdict of the jury, in favor of the plaintiff, for $2,500, would not be set aside as excessive.

If a time be specified in a notice to surrender the possession of leased premises, served upon the tenant at will or by sufferance, which elapses within less than a month from the time of service of the notice, it will not vitiate the notice. It is sufficient if the tenant has thirty days' notice in writing of the intention of the landlord to terminate the tenancy.

A tenant at will or by sufferance has the right to remain in possession of the leased premises until the tenancy is determined by a notice to surrender possession thereof. It can be terminated by the landlord's giving a written notice of one month requiring the tenant to remove, and at the expiration of the month's notice the landlord has the right to re-enter or maintain ejectment or proceed in the manner prescribed by law to remove the occupants from the possession of the premises, and notwithstanding the defect in such a notice in requiring the removal of the tenant in less than thirty days, if the landlord allows a month to expire after the service of the notice, he is in a position to re-enter or obtain possession of his premises.

The owner of a house on June twenty-fourth served a notice on the tenants at will or by sufferance thereof, directing them to leave the same on or before July third, and thereafter, on August seventh, served upon such tenants a second notice, requesting them to surrender and deliver up the possession of such house, and to remove therefrom on or before September ninth, and on August sixteenth such owner, during the temporary absence of such tenants from the house, by unlocking the front door by means of a key, took possession of the premises.

*Held,* that the manner in which the landlord re-entered was not forcible;

That by the giving of the second notice, however, the landlord waived the right to proceed under the first notice, and by forcibly removing one of the tenants from the premises after the landlord's re-entry he became a trespasser, and was liable to the tenant for such damages as she sustained by reason of his assault.

APPEAL by the defendants, Daniel W. Powers and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 30th day of August, 1894, upon the verdict of a jury rendered after a trial at the Monroe Circuit, and also from an order entered in said clerk's office on the 30th day of August, 1894, denying the defendants' motion for a new trial made upon the minutes.

*Henry G. Danforth,* for the appellants.

*P. Chamberlain, Jr.,* for the respondent.

LEWIS, J. :

The defendant Daniel W. Powers, in the year 1885, erected upon land then owned by his wife on Prince street in the city of Rochester, a dwelling house, and his son, William C. Powers, by the consent of his father, commenced living in the house with his family, consisting of his wife and infant child. The plaintiff, who was the stepmother of Mrs. William C. Powers, became a member of their family and continued to live there until the 16th day of August, 1893. William C. Powers left his home and family in June, 1892, and so far as appears has never returned. The family seems to have occupied the house with the understanding that no rent was to be paid, and none was paid. The defendant Powers became the owner of the premises in the month of February, 1893, and on the 24th day of June thereafter he caused to be served upon the occupants of the house a written notice as follows :

" To Mr. WILLIAM C. POWERS, to Mrs. WILLIAM C. POWERS, to Mrs.
    EMMA MORGAN:

" You are directed to leave the house No. 6 Prince street, in the
city of Rochester, on or before Monday, the third day of July next.

" Dated *June* 24, 1893.
                              " Yours, etc.,
                                   " D. W. POWERS,
                                        " *Owner of House.*"

Mrs. William C. Powers, with her mother and child, continued in
possession of the premises, paying no attention to the notice. There-
after, and on the 7th day of August, 1893, the defendant Powers
caused to be served upon the occupants of the house a second notice
of which the following is a copy:

" To Mr. WILLIAM C. POWERS, Mrs. WILLIAM C. POWERS, *alias* DEL
    POWERS, MRS. EMMA MORGAN:

" You will please take notice that you are requested to surrender
and deliver up to me possession of the house and premises No. 6
Prince street, in the city of Rochester, New York, and to remove
therefrom on or before the 9th day of September, 1893, at 12 o'clock
noon.

" Dated ROCHESTER, N. Y., *August* 7, 1893.
                                   " D. W. POWERS."

On the sixteenth day of August, while Mrs. Powers and the plain-
tiff were temporarily absent from the house, the defendant Charles
Dare unlocked the front door of the house by means of a key which
had been delivered to him by the defendant Powers, and by his
direction he took possession of the house and locked the doors. The
plaintiff and Mrs. William C. Powers returned to the house, and
being refused admission they attempted to break in the doors, and
the plaintiff finally entered the house through a window by means of
a ladder. The defendants Dare, King and Heath, by direction of
the defendant Powers, forcibly removed the plaintiff from the
house, and in so doing injured her person to some extent, and there-
upon she brought this action against the defendants and recovered
a verdict of $2,500 damages, and from the judgment entered upon
the verdict and from the order denying the defendants' motion for
a new trial this appeal was taken.

The trial court instructed the jury that the defendants had no right to take possession of the house at the time they did, and it further instructed them that the only question for their consideration was one of damages, and if this direction was correct the judgment, we think, should be affirmed. The appellants contend that the damages in any event are excessive. If the defendants were wrong-doers in entering the house and ejecting the plaintiff therefrom the damages found by the jury cannot be said to be so excessive as to warrant us in setting the verdict aside. The evidence as to the extent of force used to eject the plaintiff and the injuries actually sustained by her was very conflicting. The plaintiff's evidence tended to show that she was very severely and seriously injured; that, in consequence of her injuries, she was confined to her bed for a number of weeks, and that her injuries were likely to be permanent.

The defendants King, Heath and Dare gave a very different account of the transaction. Their evidence tended to show that the plaintiff was removed from the house carefully, and that her injuries were slight and resulted solely from her struggles in resisting their attempts to remove her from the house. The jury believed the plaintiff's account of the transaction.

The serious question is as to the effect of the second notice. Mrs. Powers was in possession of the house as a tenant at will or by sufferance of the defendant Powers. She had the right to remain there until her tenancy was determined by a notice to surrender possession. It could be terminated by the landlord's giving a written notice of one month requiring her to remove. At the expiration of the month's notice the landlord had the right to re-enter or maintain ejectment, or proceed in the manner prescribed by law to remove the occupants from the possession of the house. (4 R. S. [8th ed.] 2457, § 9.)

The first notice was informal as it required the occupants to vacate the premises on the third day of July following the notice on the twenty-fourth of June; notwithstanding such defect had the defendant Powers allowed a month to expire after service of the notice he would have been in a position to re-enter or obtain possession of his premises. If a time be specified in a notice served upon a tenant which elapses within less than a month from the time of service of

the notice it will not vitiate the notice. It is sufficient if the tenant has thirty days' notice in writing of the intention of the landlord to terminate the tenancy. (*Burns* v. *Bryant*, 31 N. Y. 453.) The landlord here gave the second notice on the seventh of August, calling upon the tenant to surrender possession on the ninth of September following, and before the expiration of that notice he re-entered the house availing himself of the absence of the occupants. The manner in which he re-entered was not forcible. (*Bliss* v. *Johnson*, 73 N. Y. 534.)

So we come to the question whether the tenancy was, in effect, terminated at the time of the re-entry, and the decision of that question depends upon the effect to be given to the second notice. It cannot admit of much doubt that the defendant Powers, at the time of giving the second notice, had concluded that the first one was defective. There does not seem to be any reason for serving the second notice, except upon the hypothesis that the first one was considered fatally defective, and that it could not be used as the basis of dispossessing the occupant. He evidently afterwards concluded that he had a right to re-enter after the expiration of one month from the time of giving the first notice. Did the defendant waive his rights to proceed under the first notice by giving the subsequent one? It has been held that giving a subsequent notice after the expiration of the first is in effect an admission that a tenancy still subsists, and is a waiver of the first notice. (Taylor Landl. & Ten. § 485 ; *Brierly* v. *Palmer*, 16 East, 53.)

Upon receiving the second notice the tenant unquestionably had the right to suppose that the landlord had waived the first notice, and that the tenancy would continue until the time fixed in the last notice, and act accordingly. There cannot be any doubt as to the intent of the landlord in giving the second notice, and it was properly construed by the court. It is a case where the landlord mistook his legal rights, and in forcibly removing the plaintiff from the house the defendants became trespassers, and were liable to her for such damage as she sustained by reason of their assault.

The judgment and order appealed from should be affirmed.

HAIGHT and BRADLEY, JJ., concurred ; DWIGHT, P. J., absent.

Judgment and order appealed from affirmed.