L. I. PRENDERGAST v. OLAF O. SEARLE.[1]

November 12, 1900.

Nos. 12,112—(32).

**Former Judgment.**

A judgment in an action is final and conclusive between the same parties as to all questions or issues presented by the pleadings therein.

**Same—Same Issue in This Action.**

Pleadings in a former action between the parties to this action examined, and *held* to cover and include an issue raised by the pleadings in this action, and that the parties are concluded thereon by the judgment in such former action.

**Tenancy at Will—Notice Terminating—Service on Agent.**

The service of a notice to terminate a tenancy at will, upon an agent having charge and management of his principal's business with reference to such tenancy, is a sufficient service, and as effectual as though made on the principal.

**Same—Evidence Excluded.**

Record examined, and *held* to show errors in the exclusion of evidence tending to show such a service.

Action in the municipal court of Minneapolis to recover $400 rent. The case was tried before Holt, J., who found in favor of plaintiff in the amount demanded. From an order denying a motion for a new trial, defendant appealed. Reversed.

*Horton & Denegre,* for appellant.

*A. E. Bowe,* for respondent.

BROWN, J.

Appeal from an order denying a new trial.

The facts are short. The court below found that during the time stated in the complaint defendant was a tenant at will of plaintiff, paying rent at the rate of $50 per month. Such tenancy arose from the fact that defendant held over without any new contract or agreement, after the expiration of a prior written lease. Defendant vacated the leased premises June 28, 1897, and has never since occu-

[1] Reported in 84 N. W. 107.

pied the same. . On the theory and claim that the tenancy had never been terminated, and that defendant, though not in possession or occupancy of the premises, was still liable for the rent, this action was brought to recover for the months of September, October, November, and December, 1897, and January, February, March, and April, 1898. The defendant interposed in defense—First, a denial that he leased the premises of plaintiff, that the contract under which he entered into the possession of the premises originally was made with one M. R. Prendergast, who, the record discloses, is the husband of plaintiff, and that plaintiff was not known in the transaction at all; and, second, that the tenancy was terminated in June, 1897, by the service of a proper written notice for that purpose.

In a former action between the parties to recover the rent for the months of July and August, 1897, the defendant interposed a general denial to the complaint therein, which alleged, as a ground for recovery, substantially the same facts as are alleged here; the only difference being as to the time for which a recovery was sought. That action resulted in plaintiff's favor. 74 Minn. 333, 77 N. W. 231. On the trial of this action, the court excluded evidence tending to support the allegations of the answer, on the ground (1) that the former judgment was res judicata on the question as to the relationship of landlord and tenant between the parties; and (2) that the answer was insufficient to admit of proof of the termination thereof.

1. It is elementary that a judgment in an action is final and conclusive between the same parties as to all questions or issues presented by the pleadings therein. And there can be no question in this case but that the judgment in the former action conclusively determined that the relation of landlord and tenant with respect to the premises in question existed between this plaintiff and defendant. That question was directly in issue in that case, and the determination thereof in plaintiff's favor was necessary to her right to recover. The court below was therefore right in excluding the evidence offered by defendant for the purpose of proving that the lease in question was in fact made with M. R. Prendergast, and not with plaintiff.

2. The question whether such relation of landlord and tenant had been terminated by the service of proper written notice for that pur-

pose was not an issue in the former action, and defendant, as to that issue, was not concluded by the former judgment. He offered evidence on the trial of this action tending to show the service of such notice, but it was excluded on plaintiff's objection. In this ruling we think the court erred. The evidence was excluded, as we understand the record, on the ground that the answer is insufficient to present the issue. It is true that the allegations of the answer are not as full and specific as they might have been made, but, measured by the liberal rules by which courts always construe pleadings when objected to for the first time on trial, we think the answer sufficient.

The allegations are, in substance and effect, that, for the purpose of terminating the lease, defendant duly notified "said M. R. Prendergast and said plaintiff in writing." It is insisted by plaintiff that this allegation refers to the lease between defendant and M. R. Prendergast, which the answer in the first defense alleges to be the only one made by defendant, and not to the lease with plaintiff. Construing the allegations in connection with the other defense, plaintiff's position is plausible, but it is based on a too strict construction of the answer, taken as a whole. The answer distinctly alleges the service of the notice upon plaintiff. If defendant had in mind, in the preparation of his answer, the lease with M. R. Prendergast only, why this allegation that notice was served upon plaintiff? It was not necessary to serve upon her unless she was a party to the contract. It is fair to assume that defendant had in mind the probability or possibility of his first defense failing, and so alleged the service to have been made upon both parties. The answer is sufficient, and evidence tending to show the service of notice upon plaintiff was competent, and should have been received.

It only remains to consider whether the evidence offered by defendant, and excluded by the court, tended to show such service. It is beyond question that defendant caused to be prepared and mailed to M. R. Prendergast a written notice for the purpose of terminating the tenancy. And it is not disputed but that Prendergast received such notice in due course of mail, some time in June, 1897. If it be conceded, as contended for by plaintiff's counsel, that personal service was necessary, the admission of the receipt of the

notice in fact is equivalent to such service. Prendergast was the agent of the plaintiff; at least, the evidence fairly tends to show that fact, and is sufficient to warrant a finding accordingly. He seems to have conducted the former action. He entered into the original contract with defendant, attended to the collection of the rent, and was called on the trial of this action, and testified that no rent had been paid during the period covered by the complaint. The service of a notice to terminate a tenancy at will, upon an agent having the charge and management of his principal's business with reference to such tenancy, is a sufficient service, and as effectual as though made upon the principal.

It is of no controlling importance that the notice here in question was not addressed to Prendergast as agent of plaintiff. The fact remains reasonably certain that he was such agent, and the lease in question is the only one to which the notice could have any possible reference. So we conclude that the evidence offered to support the second defense should have been received. We do not wish to be understood as holding that the proffered evidence conclusively showed a complete defense. It is not our province to determine questions of fact, but we do hold that it tended in that direction, should have been received by the court, and was sufficient to require a finding with respect to the question.

Order reversed, and a new trial granted.