GEORGE E. KEENE v. PLINY S. LOBDELL.[1]

December 20, 1901.

Nos. 12,870—(135).

Res Judicata.

    *Held*, in an action for the recovery of money claimed due under a lease, that the same issues had been submitted, tried, and determined by verdict in a former action between the same parties in a court of competent jurisdiction, and that the result of such action was final.

Action in the district court for Blue Earth county to recover $277, and interest, for rent of leased premises. The case was tried

1 Reported in 88 N. W. 251.

before Cray, J., who directed a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Pfau & Pfau,* for appellant.

*Wm. N. Plymat* and *W. E. Young,* for respondent.

LEWIS, J.

This action was commenced to recover the amount of rent due upon premises belonging to respondent, Keene, and leased by appellant, Lobdell. The complaint, in substance, alleges that the premises were first leased at the rate of $15 per month, payable monthly in advance, from July 12, 1898, to July 12, 1899; that on the latter date, by agreement between plaintiff and defendant, that lease was modified and extended at a rental thereafter of $25 per month, payable monthly in advance, the tenancy to be at will, from month to month; that thereafter, in a certain action commenced in the municipal court of the city of Mankato, a court of competent jurisdiction, the fact was adjudicated between the parties that such premises were leased as above set forth; that defendant was in default in the payment of rent then due, and that such judgment was valid and still binding; and that defendant continued in the occupancy of the premises until November 12, 1900. The amount sued for in this action is the accruing rent.

The answer alleges that the amount to be paid for the year ending July 12, 1898, was at the yearly rental of $180, payable in monthly instalments of $15; denies that the rent was increased beyond $15 per month for the subsequent year; alleges that defendant operated a meat market in the premises, and that it was agreed between the parties that the rents should be partially paid in stock. On the trial the judgment roll in the municipal court action was introduced in evidence, and the court directed a verdict for respondent for the full amount. Appeal was taken from the order of the court denying a motion for a new trial.

There is but one question in this case, and that is, do the verdict and judgment obtained by respondent in the municipal court operate as a bar to this action? An examination of the record discloses the fact that the issue presented by the pleadings in this cause was the same as that in the municipal court action, viz., the

nature of the lease, and the amount to be paid thereunder. The subject-matter of this action having been presented by the pleadings, litigated, and determined by the verdict in the prior suit, that judgment is final and conclusive. Prendergast v. Searle, 81 Minn. 291, 84 N. W. 107. The cases cited by appellant upon the question of the effect of a judgment in forcible entry and unlawful detainer are not in point here, for in those cases there was involved only the question of right of possession. In this case the parties submitted to the court all of the issues involved in the lease,—possession and amount due.

Order affirmed.