ARCADE INVESTMENT COMPANY v. MARCELINE GIERIET.[1]

October 26, 1906.

Nos. 14,970—(83).

**Notice to Quit.**

A notice to quit, given by the landlord to a tenant, may be waived by the landlord. Thenceforth the notice is inoperative.

**Waiver by Landlord.**

Where the landlord subsequently to the service of such notice agrees that the tenant may remain in possession of the premises notwithstanding such notice, the effect of the notice is waived.

**Error in Instructions.**

The failure of the trial court to instruct as to the effect of conduct of the landlord as a waiver of the notice in this case is *held* to have been error.

Action to recover possession of certain premises was begun in justice court, where the plaintiff had judgment. The defendant appealed to the municipal court of St. Paul, where the case was tried before Finehout, J., and a jury, which returned a verdict in favor of the plaintiff. From the judgment entered in pursuance to the verdict, defendant appealed. Reversed and a new trial granted.

*B. F. Latta,* for appellant.

*John F. Fitzpatrick* and *Enoch Johnson,* for respondent.

JAGGARD, J.

Plaintiff and respondent entered into some agreement with the defendant and appellant for the management of an apartment house

[1] Reported in 109 N. W. 250.

café, and as a part of the agreement gave defendant the free use of a certain flat. Defendant subsequently leased another flat in the same building at an agreed price per month from plaintiff's agents, Cathcart, Price & Co. What purported to be a notice to quit and to terminate the tenancies was served by mail. Defendant was put out by writ of restitution.

The first question raised by the appeal concerns the legal sufficiency of the notice to quit. That notice described the premises, stated the time at which the premises were to be surrendered, and demanded possession. It was signed: "Cathcart, Price & Co., Agents." At no place did it refer to the plaintiff as owner of the premises. It is elementary that a proper notice to a tenant to quit, in proper form, given by an agent having authority from the landlord at the time it is given, is legally sufficient. In this case Cathcart, Price & Co. were shown to have had such authority. The notice which they signed was actually received by the defendant in due course of mail. Indeed, the defendant subsequently talked the matter of the vacation of the premises over with the agents and with the vice president of the plaintiff company. She was not misled by the notice, and is in no position to complain of its incompleteness. See Prendergast v. Searle, 81 Minn. 291, 294, 84 N. W. 107; Alworth v. Gordon, 81 Minn. 445, 84 N. W. 454; Bay State v. Kiley, 80 Mass. 492; 2 Taylor's L. & T. §§ 479, 480; Smith, L. & T., 239.

The second question raised by the appeal is based upon the refusal of the trial court to charge the jury with respect to a defense set up in the answer, viz., that the landlord, subsequently to giving the notice, agreed to allow the defendant to remain in possession of the property. After the judge had completed his charge, defendant orally requested the following charge:

> Further in regard to the arrangement made with Mr. Lowry, he being one of the executive officers of the plaintiff in this case, and if you find on that point he gave her permission to remain in the premises, the judgment will be for the defendant.

To this the court replied: "I think that is covered in the general instruction." The defendant duly excepted.

A careful examination of the general charge has satisfied us that no adequate reference was made by the court to this subject. This request, taken in connection with the previous one, which counsel for the plaintiff made before the court had given its charge, was not clear, explicit, nor full; but it is evident that the court understood the subject-matter referred to. Liberally construed, these requests, in connection with the allegations of the defense in the answer, were sufficient to require an appropriate charge. It is well settled that a notice by the landlord to a tenant to quit may be waived by the landlord giving it, and that such notice is thenceforth inoperative. Whitney v. Swett, 22 N. H. 10, 53 Am. Dec. 228. The landlord may evidence his intention to waive the termination of the tenancy by such notice by any conduct sufficiently manifesting such intention. Thus, if he gives a second notice, he thereby waives his right to proceed under the first notice. Morgan v. Powers, 83 Hun, 298, 31 N. Y. Supp. 954; Dockrill v. Schenk, 37 Ill. App. 44. So also the subsequent acceptance of rent accrued after the giving of the notice is evidence competent to be submitted to the jury as tending to show waiver of the notice. Norris v. Morrill, 43 N. H. 213; Collins v. Canty, 60 Mass. 415; Stedman v. McIntosh, 27 N. C. 571. By parity of reasoning, if, after the landlord has given notice to a tenant to quit, he subsequently agrees with that tenant for a continuance of the possession of the premises, he thereby waives the effect of the notice. That there may have been "no consideration, no agreement to pay rent, nor any of the elements of a contract for a lease" in such a concession by the landlord, would affect the character of the right of the tenant holding over, but would not necessarily deprive the landlord's act of its natural tendency to show a waiver of the notice to quit previously given. The trial court was therefore in error.

Judgment reversed and a new trial granted.