**COURT OF APPEALS
DECISION
DATED AND FILED**

**January 8, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos. 2024AP2499**
**2025AP203**
**STATE OF WISCONSIN**

Cir. Ct. No. 2024SC1627

**IN COURT OF APPEALS
DISTRICT IV**

BRYAN JOHN KNUTSON,

   PLAINTIFF-RESPONDENT,

 V.

JOSEPH GREGGORY MERCER,

   DEFENDANT-APPELLANT.

---

APPEALS from a judgment and an order of the circuit court for La Crosse County: GLORIA L. DOYLE, Judge. *Judgment reversed; appeal from order dismissed.*

¶1    NASHOLD, J.[1] In these consolidated appeals, Joseph Mercer appeals a judgment of eviction (Appeal No. 2024AP2499) and a circuit court order supplementing the record on appeal (Appeal No. 2025AP203). For the reasons stated below, I reverse the judgment of eviction in Appeal No. 2024AP2499 and dismiss as moot Appeal No. 2025AP203.

## BACKGROUND

¶2    Joseph Mercer rented an apartment from Bryan Knutson beginning in June 2024 pursuant to a written lease. On October 2, 2024, Knutson served Mercer with a "five-day notice," requiring Mercer to pay rent owed or vacate. The notice stated that, unless Mercer paid $970 in unpaid rent by October 5, 2024, his tenancy would be terminated and he would be required to vacate the apartment by that date. On October 15, 2024, Knutson filed a summons and complaint seeking to evict Mercer and for $1,140 in unpaid rent. Mercer filed an answer contesting the matter.

¶3    At the eviction hearing, both Mercer and Knutson appeared pro se. Mercer moved to dismiss the eviction action on the basis that Knutson's October 2, 2024 notice did not comply with the statutory five-day notice requirement. *See* WIS. STAT. § 704.17(2)(a). Mercer explained that although the notice was called a "five-day notice," it only gave him three days to pay. Mercer did not dispute that he had not timely paid his rent. In response, Knutson informed the circuit court that Mercer had also received eviction notices in August

---

[1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2023-24) and were consolidated for briefing and disposition by an order dated March 5, 2025, pursuant to WIS. STAT. RULE 809.10(3) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

and in September for failure to pay rent and "so the October one he got was just a continuation." Knutson did not dispute that the October notice did not comply with the five-day notice requirement.

¶4     The circuit court granted a judgment of eviction in favor of Knutson based on Mercer's nonpayment of rent. The court rejected Mercer's challenge to the notice that he had received: the court reasoned that, although the October 2 notice gave Mercer only three days to pay the amount owed, Mercer did not pay that amount within five days, or by the date of the hearing on November 22. After retaining counsel, Mercer appealed.

¶5     Knutson, after also retaining counsel, moved to supplement the record on appeal pursuant to WIS. STAT. § 809.15(3) with eviction notices that Knutson gave to Mercer in August and September. In a one-sentence order, the circuit court granted Knutson's motion the day after it was filed, without Mercer having filed a response.

¶6     Mercer moved the circuit court to reconsider its decision on Knutson's motion to supplement the record and appealed the court's order supplementing the record. After Mercer filed his appeal, the court denied Mercer's motion for reconsideration. Mercer moved to consolidate the appeals, and this court granted Mercer's motion.

## DISCUSSION

¶7     Mercer argues that the judgment of eviction should be reversed because Knutson did not give proper notice terminating Mercer's tenancy. Mercer also contends that the circuit court erroneously exercised its discretion when it granted Knutson's motion to supplement the record with the August and

3

September notices. For the reasons explained below, I conclude that, even if I consider the August and September notices, Knutson did not give proper notice terminating Mercer's tenancy and that, therefore, the judgment of eviction must be reversed. As a result, I dismiss as moot Mercer's appeal challenging the supplementation of the record with the August and September notices. First, however, I address, and reject, Knutson's threshold argument that all of the issues on appeal are moot because Mercer has vacated the premises.

¶8 "An issue is moot when its resolution will have no practical effect on the underlying controversy. In other words, a moot question is one which circumstances have rendered purely academic." *State ex rel. Olson v. Litscher*, 2000 WI App 61, ¶3, 233 Wis. 2d 685, 608 N.W.2d 425 (citation omitted). Appellate courts do not generally address moot issues. *Id.* One exception to this rule is that "we take up moot questions where the issue is 'likely of repetition and yet evades review' because the situation involved is one that typically is resolved before completion of the appellate process." *Id.* (quoted source omitted).

¶9 As stated, Knutson argues that all of the issues raised on appeal are moot because Mercer has already vacated the premises. In response, Mercer contends that the issues on appeal are not moot because the eviction judgment, which he seeks to have reversed, will impede his ability to obtain housing and adversely affect his credit history. Mercer also argues that even if the issues are moot, they should nonetheless be addressed because they are likely to be repeated but will evade review as a result of the summary nature of eviction proceedings. As support for these positions, Mercer relies in part on *Mount Pleasant Manor Senior Hous. Ltd. P'ship v. Mack*, No. 2023AP2195, unpublished slip op., ¶7 (WI App May 8, 2024), which rejected the mootness argument that Knutson advances here, concluding:

> [A] tenant being denied the opportunity to contest a judgment of eviction is a situation that is "'likely of repetition and yet evades review' because the situation involved is one that typically is resolved before completion of the appellate process." Moreover, a judgment of eviction may adversely affect an individual's credit history and ability to obtain housing in the future.

(Citation omitted.) In his response brief, Knutson does not refute, or even address, Mercer's arguments, which may be treated as a concession. *See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 108-09, 279 N.W.2d 493 (Ct. App. 1979) (unrefuted arguments are deemed conceded). Moreover, Mercer's arguments are persuasive, especially in the absence of any argument from Knutson on these points. Accordingly, I conclude that the issue of whether Mercer was provided proper notice prior to his eviction is not rendered moot as a result of Mercer having vacated the premises: the issue is not "purely academic" in light of the effect that the eviction judgment will have on Mercer's ability to obtain housing and his credit history. I further conclude that, even if this issue were moot, review is warranted because the issue is likely to be repeated and yet evade review.

¶10 Next, I address whether, despite the defective October notice, the eviction may be sustained based on the August and September notices. Because I conclude that the answer to that question is no, and because Knutson does not dispute that the October notice was defective, I reverse the judgment of eviction.

¶11 WISCONSIN STAT. § 704.17(2)(a) states, in pertinent part:

> If a tenant under a lease for a term of one year or less, or a year-to-year tenant, fails to pay any installment of rent when due, the tenant's tenancy is terminated if the landlord gives the tenant notice requiring the tenant to pay rent or vacate on or before a date at least 5 days after the giving of the notice and if the tenant fails to pay accordingly.

If notice is properly given, "the tenant is not entitled to possession or occupancy of the premises after the date of termination specified in the notice." § 704.17(4). Once a tenant is no longer entitled to possess or occupy a rental property, the landlord may file an eviction action against the tenant. WIS. STAT. § 799.40. A lack of proper notice is a defense to an eviction. *See Clark Oil & Refin. Corp. v. Leistikow*, 69 Wis. 2d 226, 235, 230 N.W.2d 736 (1975).

¶12     Mercer argues that the October notice is defective because it did not give Mercer five days' notice as required by WIS. STAT. § 704.17(2)(a). In response, Knutson does not dispute that the October notice was defective. Instead, Knutson argues that both the August and September notices complied with the five-day notice requirement, and that, as a result, because Mercer did not pay his rent and cure his default by the termination dates listed in these notices, Mercer was no longer entitled to possession or occupancy of the premises. Although Mercer does not specifically dispute that the August and September notices complied with the five-day requirement, he argues that neither notice may be relied on to sustain the judgment of eviction and that it is the October notice that controls. I agree.

¶13     Mercer describes this issue—which notice of eviction controls when a lessor gives a tenant serial notices—as one of first impression in this state. Knutson does not dispute this, and the only legal authority that Knutson cites in support of his argument is WIS. STAT. § 704.17(2)(a). Although neither party cites controlling case law on this point, I deem the case law that Mercer cites from other jurisdictions to be persuasive, particularly given Knutson's failure to address this persuasive authority.

¶14    As Mercer argues, courts in other jurisdictions that have addressed this issue have concluded that giving a subsequent notice to terminate a tenancy waives a lessor's right to evict a tenant under any prior notice. *See Duran v. Hous. Auth. of City & Cnty. of Denver*, 761 P.2d 180, 184 (Colo. 1988) ("'Giving a second notice after the expiration of the first is, in effect, an admission that a tenancy still subsists, and is a waiver of the first notice. Upon receiving the second notice, the tenant unquestionably has the right to suppose that the landlord had waived the first notice, and that the tenancy would continue until the time fixed in the last notice and act accordingly.'" (quoting 3A THOMPSON ON REAL PROPERTY § 1360 at 695 (1981)); *Andrus v. Dunbar*, 878 A.2d 245, 248 (Vt. 2005) ("The second notice to quit 'unequivocally recognized the tenancy as existing' …. This holding is rooted in the principle that the tenant cannot be put in the position of having to speculate on the meaning and legal effect of the landlord's actions." (quoting *Morgan v. Powers*, 31 N.Y.S. 954, 956 (N.Y. Gen. Term 1894))); *see also Morgan*, 31 N.Y.S. at 956 ("[G]iving a subsequent notice after the expiration of the first is, in effect, an admission that a tenancy still subsists, and is a waiver of the first notice."); *Arcade Inv. Co. v. Gieriet*, 109 N.W. 250, 250 (Minn. 1906) ("It is well settled that a notice by the landlord to a tenant to quit may be waived by the landlord giving it, and that such notice is thenceforth inoperative. The landlord may evidence his intention to waive the termination of the tenancy by such notice by any conduct sufficiently manifesting such intention. Thus, if he gives a second notice, he thereby waives his right to proceed under the first notice." (citation omitted)).

¶15    Consistent with the reasoning from these cases, I conclude that by giving Mercer the October notice, Knutson waived his right to rely on either the August or September notices to evict Mercer. Specifically, by giving Mercer the

7

notice in October that purported to terminate Mercer's tenancy on October 5 but only if Mercer did not pay the rent that he owed, Knutson was acknowledging that the tenancy still existed, notwithstanding Mercer's failure to comply with the August and September notices.

¶16 Additionally, in the absence of any contrary argument from Knutson, I am also persuaded by Mercer's arguments regarding the uncertainty that would result from allowing a lessor—after providing successive notices of eviction that purport to terminate a tenancy as of different dates—to rely on any of the earlier notices to evict a tenant. As Mercer argues, to do so would introduce uncertainty regarding when the lessor is entitled to file an eviction action, when the tenant may still exercise the right to cure, and when a tenant is liable for double rent for holding over. *See* WIS. STAT. § 704.27 ("If a tenant remains in possession without consent of the tenant's landlord after … termination of a tenancy by notice given by … the landlord …, the landlord shall, at the landlord's discretion, recover from the tenant damages suffered by the landlord because of the failure of the tenant to vacate within the time required. In absence of proof of greater damages, the landlord shall recover as minimum damages twice the rental value apportioned on a daily basis for the time the tenant remains in possession.").[2]

¶17 Because the October notice was not valid and because the eviction cannot be sustained based on the either the August or September notice, I conclude

_____

[2] The potential for confusion is highlighted under the facts here. As Knutson acknowledges, in the two months prior to the filing of the eviction action in October, Knutson continued to work with Mercer to resolve the issue of Mercer's unpaid rent. Consistent with this, the notices that Knutson gave Mercer show that Knutson accepted rent payments that Mercer owed for August and September after Knutson gave Mercer the August and September notices.

that Knutson did not give Mercer adequate notice under WIS. STAT. § 704.17(2)(a). Accordingly, I reverse the judgment of eviction.

¶18 As to Mercer's challenge to the circuit court's supplementation of the record with the August and September notices, I conclude that this issue is moot: specifically, given my conclusion that the eviction cannot be sustained based on these notices in any event, and my reversal of the judgment of eviction, resolution of the supplementation issue "will have no practical effect on the underlying controversy." *See **Litscher***, 233 Wis. 2d 685, ¶3. Accordingly, I dismiss as moot the appeal related to that order (Appeal No. 2025AP203).

*By the Court.*—Judgment reversed; appeal from order dismissed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.